[No. 3268.    Decided July 20, 1899.]

*In the Matter of the Application of* JAMES NOLAN *for a Writ of Habeas Corpus.*

HABEAS CORPUS—CONVICTION UNDER VOID ACT.

The fact that an amendment of the statute defining rape was declared unconstitutional, subsequent to the conviction of a person charged with the crime under the provisions of the amendment, would not warrant his release on *habeas corpus*, since the original statute would be left in force through the invalidity of the amendment and the court accordingly having jurisdiction of the person and the subject matter its decision could be attacked only on appeal, and not collaterally by *habeas corpus* proceedings.

Appeal from Superior Court, Walla Walla County.—. Hon. THOMAS H. BRENTS, Judge.    Affirmed.

*Edgar Lemman,* for appellant.

*Oscar Cain* and *Thomas M. Vance,* for respondent.

The opinion of the court was delivered by

FULLERTON, J.—The Code of the Territory of Washington defined the crime of rape (Code 1881, § 812) as follows:

" If any person ravish and carnally know any female of the age of twelve years or more,' by force and against her will, or carnally know and abuse any female child under the age of twelve years, he shall be punished by imprisonment in the penitentiary for life or any term of years."

By the act of January 29, 1886 (Session Laws 1885-86, p. 84), the territorial legislature attempted to amend this section so as to raise the age of consent from twelve to sixteen years.    This act was entitled, "An act to amend Section 812 of the Code of Washington Territory"; and this court, in the cases of *State v. Halbert,* 14 Wash. 306 (44 Pac. 538'), and *State v. Dillon,* 14 Wash. 703 (46 Pac. 1119), held the amendatory act void, for the reason that its object was not expressed in its title.    Between the date of the attempted amendment and the date this court adjudged it void, the petitioner was informed against, by an information filed in the superior court of Kittitas county, for the crime of rape; the charging part of the information being as follows:

" The said James Nolan on or about the 30th day of November, A. D. 1893, in Kittitas county, state of Washington, did feloniously, carnally know and abuse one Ethel Nolan, the said Ethel Nolan being then and there a female child under the age of sixteen years."

Issue was joined upon the information, and a trial had before a jury, which found a verdict of guilty, and on the

21st day of May, 1894, the petitioner was by the court, upon the verdict of the jury, adjudged guilty of the crime of rape, and sentenced to the state penitentiary for the term of sixteen years.   While under imprisonment in the penitentiary serving this sentence, he petitioned the superior court of Walla Walla county for his discharge, alleging the foregoing facts, and claiming that he was unlawfully restrained of his liberty by the warden of the penitentiary.   On the hearing the superior court of that county refused to discharge him, but remanded him back to the custody of the warden.   From the order he appeals to this court.   The argument of the learned counsel who represents the petitioner is that the language of the information definitely locates the statute under which the information was drawn as being the act of January 29, 1886, which this court held void; that the petitioner was thus convicted under a void law, and is entitled to his discharge in a *habeas corpus* proceeding.

Had there been no statute defining the crime of rape and fixing its punishment upon the statute books of this state at the time the petitioner was tried and convicted, other than this void act, the argument would be conclusive and the result contended for naturally follow.   But such is not the case.   The attempted amendment only being void, the statute defining and punishing the crime existed as it was before the amendment was attempted, and was, by the terms of the state constitution, carried into and made a part of the statute law of the state.   *State v. Halbert, supra.*

The superior court of Kittitas county thus had jurisdiction, not only of the person of the petitioner, but of the subject-matter upon which it assumed to act.   Having such jurisdiction, its judgment is conclusive against attack in a collateral proceeding by *habeas corpus* or otherwise. Errors committed by the court at the trial are not inquired

into in this form of proceeding; and an error of the court in adjudging that an information states a crime is not, in this respect, different from other errors committed. The remedy of the injured party for errors of this character is to have the judgment and sentence reviewed by an appeal to the court having jurisdiction to hear and determine appeals, which must be taken within the time and in the manner prescribed by the existing laws. The petitioner, having waived this right of appeal by failing to prosecute it within the time prescribed by the statutes, is without remedy in the courts. Bal. Code, § 5826; *Ex parte Williams,* 1 Wash. T. 240; *In re Rafferty,* 1 Wash. 382 (25 Pac. 465); *In re Lybarger,* 2 Wash. 131 (25 Pac. 1075); *Ex parte Parks,* 93 U. S. 18; *Ex parte Siebold,* 100 U. S. 371; *Ex parte Yarbrough,* 110 U. S. 651 (4 Sup. Ct. 152); *In re Coy,* 127 U. S. 731 (8 Sup. Ct. 1263); *In re Frederich,* 149 U. S. 70 (13 Sup. Ct. 793); *Ex parte Davis,* 21 Fed. 396; *In re Eaton,* 27 Mich. 1; *Ex parte Mooney,* 26 W. Va. 36 (53 Am. Rep. 59); *Petition of Semler,* 41 Wis. 517.

The judgment is affirmed.

GORDON, C. J., and REAVIS, ANDERS and DUNBAR, JJ., concur.