[No. 12337. Department One. February 11, 1915.]

The State of Washington, *Respondent*, v. Nick George, *alias Tony John, Appellant.*[1]

Criminal Law — Former Jeopardy—Statutes—Implied Repeal. Rem. & Bal. Code, § 2113, providing that a conviction or acquittal by a judgment upon a verdict shall be a bar to another prosecution for the same offense, notwithstanding a defect in form or substance in the former charge, is hostile to, and therefore impliedly repealed by, the later enactment of Id., § 2316, of the "penal code" providing that no order of dismissal or directed verdict of not guilty . . . on the ground of any defect in such indictment or information shall bar another prosecution for the same offense; even if it is not expressly repealed by Id., § 2304, repealing all acts "in conflict herewith."

Statutes—Titles and Subjects—Sufficiency. The title to the "penal code" (Rem. & Bal. Code, § 2253 *et seq.*), an act "relating to crimes and punishments and the rights and custody of persons accused or convicted of crime," is broad enough to admit of amendments or implied repeals of sections of the former laws relating to criminal procedure; *e. g.*, to embrace Rem. & Bal. Code, § 2316, providing that no order of dismissal or directed verdict of not guilty . . . on the ground of any defect in such indictment or information shall bar another prosecution for the same offense, thereby impliedly repealing § 2113 in the code of criminal procedure on the same subject.

Statutes—Implied Repeals. While repeals by implication are not favored, they are freely admitted where it appears that the legislature intended to cover an entire subject of legislation.

Criminal Law—Former Jeopardy—Insufficient Charge. In the absence of statute, there could be no lawful conviction or acquittal

[1]Reported in 146 Pac. 378.

upon an information or indictment which was insufficient to state an offense, and hence no plea of former jeopardy thereon.

SAME—FORMER JEOPARDY—WAIVER OF PLEA. Where a conviction is set aside on appeal by the accused, he cannot, upon a subsequent charge for the same offense, urge the former conviction as a bar or set up the plea of former jeopardy.

CRIMINAL LAW—APPEAL—REVERSAL—EFFECT. Upon reversing a conviction for insufficiency of the information, an order directing the dismissal of the cause, instead of remanding the case for further proceedings under Rem. & Bal. Code, § 1749, does not affect the rights of the accused, or prevent his subsequent arrest and trial upon a sufficient information.

Appeal from a judgment of the superior court for King county, Ronald, J., entered June 20, 1914, upon a trial and conviction of attempting sodomy. Affirmed.

*Thos. F. Murphine* and *Harry Sigmond,* for appellant.

*John F. Murphy* and *Thomas J. L. Kennedy,* for respondent.

CHADWICK, J.—Appellant was formerly convicted in the court below and appealed to this court, where the judgment was set aside upon the ground that the information did not state facts sufficient to constitute a crime. *State v. George,* 79 Wash. 262, 140 Pac. 337. Our direction was that the case should be dismissed. Appellant was rearrested and put to trial upon a sufficient information. From a judgment of conviction, he has again appealed to this court. When arraigned and called to plead, appellant entered a plea of former conviction, which, being overruled, he refused to plead further. A plea of not guilty was entered for him. Rem. & Bal. Code, § 2109, par. 3 (P. C. 135 § 1121). The plea was renewed upon the trial by way of objections to the admission of testimony to support the charge.

Counsel admit that there would have been no jeopardy if appellant had been discharged at any time before verdict and judgment thereon (*State v. Riley,* 36 Wash. 441, 78 Pac. 1001), but insist in their brief and very able oral argument

that the rule that jeopardy attaches when an accused person has been placed upon trial in a court of competent jurisdiction on a sufficient indictment before a jury regularly impanelled and sworn, and that a discharge of the jury without due cause and without consent of the accused is an acquittal (*State v. Kinghorn*, 56 Wash. 131, 105 Pac. 234, 27 L. R. A. [N. S.] 136), can have no application under the plain words and terms of Rem. & Bal. Code, § 2113 (P. C. 135 § 1129), which provides,

"A conviction or acquittal by a judgment upon a verdict shall bar another prosecution for the same offense, *notwithstanding a defect in form or substance* in the indictment or information on which the conviction or acquittal took place." [Italics are ours.]

They cite the following cases which were decided under statutes in terms substantially the same as § 2113: *Shoemaker v. State*, 58 Tex. Cr. 518, 126 S. W. 887; *State v. Ward*, 48 Ark. 36; *Harp v. State*, 59 Ark. 113, 26 S. W. 714; *Tufts v. State*, 41 Fla. 663, 27 South. 218.

In the *Ward* case, the court said:

"The statute provides that an acquittal or conviction by a judgment or a verdict shall bar any other prosecution for the same offense, notwithstanding a defect in form or substance in the indictment on which the trial took place."

Counsel declare that we have admitted the rule to be the same as there declared, in *State v. Burns*, 54 Wash. 113, 102 Pac. 886:

"The common law rule prevails in this state except as modified by statute, and under the statute cited, an acquittal upon a defective information is no bar to another prosecution unless the judgment of acquittal is based upon a verdict after trial. In this case there was no trial and no verdict; hence the dismissals upon the defective complaint and information were no bar to a further prosecution."

If we could go no further than the statute relied on, it would seem that appellant's argument could not be answered, for surely it is within the power of the legislature to define

jeopardy and the rights and privileges of one charged and convicted, although it be under an information defective in form or substance.

"The state has full control over the procedure in its courts, both in civil and criminal cases, subject only to the qualification that such procedure must not work a denial of fundamental rights or conflict with specific and applicable provisions of the Federal Constitution." *Brown v. New Jersey,* 175 U. S. 172.

Rem. & Bal. Code, § 2113, is an inheritance from the earlier practice acts and was first codified in the code of 1881, § 768. As is too often the case, the legislature has since assumed to legislate upon the same subject without particular reference to existing statutes. In 1909, an act entitled, "An act relating to crimes and punishments and the rights and custody of persons accused or convicted of crime, and repealing certain acts," was passed. Id., § 2553 *et seq.* This act is known as the criminal code. It is there provided:

"No order of dismissal or directed verdict of not guilty on the ground of a variance between the indictment or information, and the proof, or on the ground of any defect in such indictment or information, shall bar another prosecution for the same offense." Laws 1909, ch. 249, p. 909, § 64; Rem. & Bal. Code, § 2316.

This provision is admittedly hostile in words, in purpose, and intent to § 2113. The act of 1909 is a later enactment and is controlling, unless it can be said that the title to the act of 1909 is not broad enough to warrant a holding that former acts are repealed, or sufficient to sustain § 2316. The question of the sufficiency of the title of the criminal code is raised by Mr. Remington, the codifier of Rem. & Bal. Code. (See foot notes §§ 2304, 2353). It is our judgment that the title is sufficient. The words "relating to crimes and punishments, and the rights and custody of persons accused or convicted of crime" are broad enough to indicate a legislative intent to cover the entire subject of crimes and procedure. Under the words "relating to crimes and punish-

ments," there can be no doubt of the right of the legislature to define crimes and fix punishments, and the words "relating to . . . the right . . . of persons accused . . . of crime," are likewise sufficient to sustain provisions defining the rights and privileges of persons accused of crime and the procedure to be followed in determining such rights and privileges. It has been so frequently said by this court that the title of the act does not have to be an index to the body of the act that we will not resort to a multiplicity of authorities. It is enough if the title is sufficient to indicate to a person making due inquiry that the act may cover the subject of inquiry. *State ex rel. Jones v. Clausen*, 78 Wash. 103, 138 Pac. 653. When so tested, we have no doubt of the sufficiency of the title. Or, if our argument be so far unsound and there be no express repeal, § 2113 must necessarily be held to be superseded and repealed by implication. Repeals by implication are not favored, but are freely admitted where it appears that the legislature intended to cover an entire subject of legislation. *Bradley Engineering & Mach. Co. v. Muzzy*, 54 Wash. 227, 103 Pac. 37; *State ex rel. Arnold v. Mitchell*, 55 Wash. 513, 104 Pac. 791; *State v. Whitney*, 66 Wash. 473, 120 Pac. 116; *State v. Hewitt Land Co.*, 74 Wash. 573, 134 Pac. 474. But whether we hold that § 2113 has been expressly repealed as a provision inconsistent with § 52 (Id., § 2304) of the criminal code, or is repealed by implication, our conclusion makes the law of this state consistent with the rule prevailing everywhere unless it has been interfered with by statute.

After stating the rule of jeopardy, Mr. Cooley in his work on Constitutional Limitations (7th ed.), pages 468-470, says:

"If, however, the court had no jurisdiction of the cause, or if the indictment was so far defective that no valid judgment could be rendered upon it, or if by any overruling necessity the jury are discharged without a verdict, which might happen from the sickness or death of the judge holding the court, or of a juror, or the inability of the jury to agree upon a verdict after reasonable time for deliberation and effort; or

if the term of the court as fixed by law comes to an end before the trial is finished; or the jury are discharged with the consent of the defendant expressed or implied; or if, after verdict against the accused, it has been set aside on his motion for a new trial, or on writ of error, or the judgment thereon been arrested,—in any of these cases the accused may again be put upon trial upon the same facts before charged against him, and the proceedings had will constitute no protection."

"In England an acquittal upon an indictment so defective that, if it had been objected to at the trial, or by motion in arrest of judgment, or by writ of error, it would not have supported a conviction or sentence, has generally been considered as insufficient to support a plea of former acquittal; and this rule has generally been followed in the United States, except in cases expressly governed by some constitutional or statutory provision on the subject." 12 Cyc. 264.

"A prisoner, in legal contemplation, is never in jeopardy upon an indictment invalid in itself." Syllabus, *Pritchett v. State*, 2 Sneed (34 Tenn.) 285.

"M. was indicted, tried, convicted, and sentenced to the penitentiary; the judgment was appealed from, the indictment held defective, and a subsequent indictment having been found against him, he pleaded the former conviction. *Held* —That the plea was not good." Syllabus, *Mount v. Commonwealth*, 2 Duvall (Ky.) 93.

After reviewing the common law authorities as well as modern texts and authorities, the supreme court of Mississippi, in *Kohlheimer v. State*, 39 Miss. 548, said:

"It seems to be clear, therefore, upon principle, as well as authority, that neither at common law nor by our constitution will an acquittal or conviction (where the penalty has not been inflicted) upon a *void* proceeding or indictment operate as a bar to a subsequent indictment for the same offence."

See, also, *Garvey's case*, 7 Colo. 384; *Case of William Vaux*, 4 Coke 40-47; *Regina v. Goddard*, 2 Ld. Raymond 920; *Armstrong v. Lisle*, 1 Salk. 60; *United States v. Gibert*, 2 Sumner (U. S.) 19; 1 Bishop, New Criminal Law, § 1020, par. 4; 1 Wharton, Criminal Law (11th ed.) § 396.

In *Vaux's* case, the defendant was acquitted of a charge of poisoning and had judgment *quoad est sine die*. He was thereafter indicted for the same offense and pleaded *autrefois acquit*. It was held that, although it were a maxim of the common law that no man should be twice put in jeopardy for the same offense,

"Yet it is intendable of a lawful acquittal or conviction, for if the conviction or acquittal is not lawful, his life was never in jeopardy." 4 Coke 44; 2 Hale P. C., p. 248.

"Where the first attainder is reversed for error, after which it can neither be pleaded to a prosecution for the same or any other felony; because by such reversal the attainder is of no more force than if it had never been; and if an acquittal on an erroneous indictment or appeal will not bar a subsequent prosecution, surely *a fortiori* an attainder reversed will not do it. But it is agreed to be a good bar while it stands unreversed, because it is not void but voidable only." 2 Haw. P. C. ch. 36, p. 323, § 2.

"But it seems clearly settled, that whenever the record on which a man is convicted of manslaughter, and admitted to his clergy, on an indictment or appeal of murder, is erroneous, either in respect of insufficiency in the indictment or appeal, or for a mistrial, etc., so that his life was not in danger at the trial, etc., he cannot plead such conviction and clergy thereon had in bar of a second indictment or appeal." Id., § 15.

Appellant is met by another rule. It is generally held that, where a judgment of conviction is set aside on motion of a defendant, he cannot then be held to urge his jeopardy.

"In prosecuting his former writ of error plaintiff in error voluntarily accepted the result, and it is well settled that a convicted person cannot by his own act avoid the jeopardy in which he stands, and then assert it as a bar to subsequent jeopardy." *Murphy v. Massachusetts*, 177 U. S. 155.

"Their plea of former conviction cannot be sustained, because upon a writ of error sued out by themselves the judgment and sentence against them were reversed, and the indictment ordered to be dismissed. How far, if they had taken no steps to set aside the proceedings in the former case, the verdict and sentence therein could have been held to bar a new

indictment against them, need not be considered, because it is quite clear that a defendant, who procures a judgment against him upon an indictment to be set aside, may be tried anew upon the same indictment, or upon another indictment, for the same offense of which he had been convicted. *Hopt v. Utah*, 104 U. S. 631, 110 U. S. 574, 114 U. S. 488, 120 U. S. 430; *Regina v. Drury*, 3 Cox Crim. Cas. 544, S. C. 3 Car. & Kirw. 193; *Commonwealth v. Gould*, 12 Gray 171." *United States v. Ball*, 163 U. S. 662, 671.

See, also, 1 Bishop, New Criminal Law, § 1027, par. 4; 1 Wharton, Criminal Law (11th ed.), § 396.

"It would be a contradiction in terms to say that a person was put in jeopardy by an indictment under which he could not be convicted, and it is obviously immaterial whether the inability to convict arise from a variance between the proof and the indictment, or from some defect in the indictment itself." *People v. McNealy*, 17 Cal. 333.

No man should be permitted to plead an abatement or bar because no crime is charged, and then in turn plead a former acquittal upon the theory of jeopardy and trial, for by his own plea he has made that which was voidable only void in fact and of a quality of which the law will take no account.

Our holding is that there is no jeopardy until one accused of crime is put to trial upon an information sufficient in form and substance to charge a crime, or, both informations being sufficient, the evidence adequate to the one information will equally sustain the other. *State v. Dye*, 81 Wash. 388, 142 Pac. 873.

In passing upon the case when it was first before this court, we directed that it be remanded with instructions to dismiss. Rem. & Bal. Code, § 1749, was not called to our attention. We should have remanded the case for further proceedings. Appellant's legal rights and his status under the law is the same as if a proper order had been entered, for, as will be seen by reference to the texts and authorities which have been cited, the court had power to try appellant without ref-

erence to § 1749; or, in other words, § 1749 is but declaratory of an accepted and settled rule of procedure.

We find no error in the record. Affirmed.

MORRIS, C. J., PARKER, MOUNT, and HOLCOMB, JJ., concur.