[No. 13980.   Department Two.   July 25, 1917.]

THE CITY OF EVERETT, *Respondent*, v. GEORGE R. COWLES, *Appellant*.[1]

MUNICIPAL CORPORATIONS—ORDINANCES—TITLE AND SUBJECTS.   A provision in an ordinance regulating the prescription of intoxicating liquors by a physician is germane to a title reciting that it relates to the sale and disposition of intoxicating liquors.

CRIMINAL LAW—COMPLAINT—AMENDMENT ON APPEAL FROM JUSTICE OF PEACE.   Upon appeal from a conviction in justice court, if the complaint did not charge a crime, the prosecution may file a new complaint in the superior court upon which trial proceeds after arraignment and plea.

SAME—APPEAL FROM JUSTICE OF PEACE—JURISDICTION—AMENDMENT OF COMPLAINT.   Where a justice court has jurisdiction over the offense, insufficiency of the complaint does not affect the jurisdiction of the court to render a judgment, and by appeal therefrom the jurisdiction follows and attaches to the superior court, authorizing an amendment of the complaint.

INTOXICATING LIQUORS—OFFENSES — PHYSICIANS —UNLAWFUL PRESCRIPTIONS—EVIDENCE—ADMISSIBILITY.   In the prosecution of a physician for prescribing intoxicating liquors without good reason to believe that the patient was sick and required the liquor as medicine, evidence is admissible of the number of prescriptions given by the defendant to various persons about the same time, upon the issue as to the defendant's good faith.

SAME—EVIDENCE—SUFFICIENCY.   A conviction of a physician for prescribing intoxicating liquors without good reason to believe that the patient was sick and required the liquor as medicine, is sustained by evidence that, during six weeks the defendant gave 673 prescriptions, usually for one quart, and as many as 40 in one day, and made a very superficial examination of the prosecuting witness.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered May 6, 1916, upon a trial and conviction of violating an ordinance regulating the sale of intoxicating liquors.   Affirmed.

*E. C. Dailey*, for appellant.

*Wm. A. Johnson*, for respondent.

[1]Reported in 166 Pac. 786.

FULLERTON, J.—The city of Everett enacted an ordinance under the following title:

"An ordinance relating to intoxicating liquors; prohibiting the manufacture, keeping, sale, and disposition thereof except in certain cases; the soliciting and taking of orders therefor, or advertising thereof; declaring certain places to be nuisances and providing for their abatement; regulating the keeping, sale, and disposition of intoxicating liquors by druggists and pharmacists; and providing for the search for and seizure and destruction thereof, and of property used in connection therewith; prescribing the forms of procedure and rules of evidence in cases and proceedings hereunder; and fixing penalties for the violation hereof; and declaring an emergency."

Section 7 of the ordinance provided:

"It shall be unlawful for any licensed physician to issue a prescription for intoxicating liquor except in writing, or in any case unless he has good reason to believe that the person for whom it is issued is actually sick and liquor is required as a medicine. Every prescription for intoxicating liquor shall contain the name and address of the physician, the quality of liquor prescribed, the name of the person for whom prescribed, and address, giving street and house number if there be such, the date on which the prescription is written, and directions for the use of the liquor so prescribed.

"Every physician issuing any prescription for intoxicating liquors shall place a different number on each prescription issued, and shall issue such prescription in duplicate, and shall, within ten days after the issuance of each prescription file one of said duplicates with the city clerk of Everett. Upon conviction a second time of any licensed physician of a violation of the provisions of this section it shall be unlawful for such physician thereafter to write any prescription for the furnishing, delivery or sale of intoxicating liquor; and it shall be unlawful for any druggist or pharmacist to knowingly fill any such prescription written or signed by any physician who has been convicted a second time of a violation of the provisions of this section." Ordinance No. 1,695.

On March 15, 1916, a complaint was filed before the police court of the city of Everett charging the defendant, Cowles,

with a violation of § 7 of the ordinance, the specific charge being that he did, on a date named, then pretending to be a licensed physician, issue a prescription for one quart of whiskey, to a person named, without having good reason, or any reason, to believe that the person to whom the same was issued was actually sick and required liquor as a medicine. The defendant was arrested on a warrant issued on the complaint, and tried for the offense in the police court, where he was found guilty and sentenced to pay a fine. From the judgment of the police court, he appealed to the superior court of Snohomish county. In that court a new complaint was filed against him. This complaint set forth the same offense as that charged in the complaint filed in the police court; the only material change being that the later complaint charged the defendant with being a licensed physician, instead of "pretending to be a licensed physician," as charged in the original complaint. The defendant was arraigned in the superior court on the new complaint and entered a plea of not guilty thereto. On the issue thus joined, he was tried before a jury, which returned a verdict of guilty. Judgment and sentence was pronounced thereon, from which the defendant appeals to this court.

Noticing the assignments of error in a manner somewhat different from that in which they are presented in the brief, the first is that the provisions of § 7 of the ordinance are not germane to the title of the act, and hence no valid conviction can be had thereunder. We cannot think the contention well founded. The title recites that it relates to intoxicating liquors, and under such a title anything relating to the sale and disposition of intoxicating liquors may be enacted. It is not necessary that every specific proviso contained in the act be mentioned in the title. This is to require the title to be an index to the body of the act, a requirement this court has held unnecessary since early statehood. See *State v. Seattle Taxicab & Transfer Co.*, 90 Wash. 416, 156 Pac. 837, and the cases there collected.

It is next contended that it was error to permit a new complaint to be filed against the defendant in the superior court and to require him to enter a plea thereto and go to trial thereon. The case of *State v. Hamshaw*, 61 Wash. 390, 112 Pac. 379, is cited to sustain the contention, but the case does not so hold. In that case, a new complaint entitled as in the justice court was substituted for the original complaint, and the accused was compelled to go to trial thereon without arraignment, plea, or opportunity to question its sufficiency, and it was because of this error that the judgment of conviction was reversed. This is made clear by the reasoning of the court, where the following language was used:

"It can be no embarrassment to the superior court or in any way interrupt its procedure, if it is of opinion that the complaint does not charge a crime, or that the defendant should be held for trial, to enter an order of dismissal or order an information filed and, after arraignment and plea, proceed to the trial in an orderly way, thus acquiring jurisdiction in the manner sanctioned by the constitution and the statutes. . . . The right to arraignment and plea upon a sufficient charge, while perhaps not within the letter of the constitution, is within its spirit, and although the conduct of a defendant may be such that a court will hold the right to be waived (*State v. Quinn*, 56 Wash. 295, 105 Pac. 818.; *State v. Straub*, 16 Wash. 111, 47 Pac. 227), it has never been held that the formality could be dispensed with over the protest of the party charged."

The case was explained in the later case of *State v. Bryant*, 90 Wash. 20, 155 Pac. 420, in which it was held error to refuse to allow the prosecution on an appeal from a justice's court to file a new complaint or information against the defendant. The court quoted the extract above given from the case of *State v. Hamshaw*, and stated that it was plain from the language there used that it was not intended to be held that a new information in a criminal case may not be filed in the superior court and the case proceed to trial *de novo* upon the information.

In this connection, it is argued that the complaint filed in

the justice's court failed to state facts sufficient to constitute a crime, and hence that court was without jurisdiction over the offense and the appeal could not vest jurisdiction in the superior court.  But without noticing the contradiction involved in the argument, it is enough to say that the jurisdiction of the police court over the crime charged and the person of the defendant did not depend upon the sufficiency of the complaint.  This the court had in virtue of the law.  And having such jurisdiction, the judgment it rendered was voidable rather than void; enforceable against the defendant until reversed or set aside in some correctory proceeding.  *In re Nolan*, 21 Wash. 395, 58 Pac. 222.  To set it aside was the purpose of the appeal, and by the appeal jurisdiction followed and attached in the superior court.

A further contention is that the court erred in permitting the prosecution to show the number of prescriptions for intoxicating liquors given by the defendant to various persons, about the time of the giving of the prescription set forth in the complaint.  This evidence was competent.  One of the issues was whether the prescription which he was charged with unlawfully giving was given in good faith, and the evidence bore upon that question.  *Seattle v. Hewetson*, 95 Wash. 612, 164 Pac. 234.

Finally, it is urged that the verdict of the jury is contrary to the evidence.  On this question, the record hardly leaves the mind in doubt.  It was shown that the defendant had, during the six weeks over which the inquiry extended, given six hundred and seventy-three prescriptions for intoxicating liquor, the usual quantity prescribed being one quart, and that he had issued as many as forty in one day.  This, when taken with the very superficial examination he gave the prosecuting witness when the prescription set forth in the complaint was given, was clearly sufficient to justify the jury in their finding.

The judgment is affirmed.

Ellis, C. J., Mount, Holcomb, and Parker, JJ., concur.