[No. 15585. Department Two. August 13, 1920.]

THE STATE OF WASHINGTON, *Respondent*, v. J. E. COLLINS, *Appellant*.[1]

ASSAULT (8)—OFFENSES—COMPLAINT—SUFFICIENCY. A complaint in justice court charging that the defendant in a quarrel "did strike G. V. with his hand" is insufficient to sustain a conviction of assault.

CRIMINAL LAW (45, 50) — FORMER JEOPARDY — INSUFFICIENT CHARGE. Where defendant pleaded guilty and was convicted under a complaint insufficient to charge an offense, he cannot interpose the plea of former jeopardy (HOLCOMB. C. J., and BRIDGES, J., dissenting).

SAME (45, 50)—FORMER JEOPARDY—CONVICTION IN JUSTICE COURT— PROCEEDINGS—STATUTES. The plea of former jeopardy cannot be interposed by a defendant convicted in a justice court upon his plea of guilty to the charge of assault, where the justice failed to comply with Rem. Code, §§ 1930, 1931, which provide that the justice shall summon the injured person and enforce his attendance at the trial if necessary, and shall not assess a fine or enter a judgment until a witness has been examined to state the circumstances of the transaction.

Appeal from a judgment of the superior court for Stevens county, Jackson, J., entered December 6, 1916, upon a trial and conviction of assault. Affirmed.

*John Salisbury,* for appellant.

*L. B. Donley,* for respondent.

FULLERTON, J.—The defendant, J. E. Collins, was convicted in the superior court of Stevens county of

[1]Reported in 191 Pac. 831.

the crime of assault in the second degree, and appeals from the judgment pronounced against him.

The assault for which the defendant was convicted was committed upon the person of one George Vath, Sr., on July 2, 1915. Shortly after the assault, the defendant was taken into custody by one H. R. Pope, whose legal capacity to make arrests does not appear, and was brought before the justice of the peace of Loon Lake precinct of the county named, where a written complaint was made by the person having the defendant in custody, purporting to charge the defend- ant with the crime of assault. The defendant was immediately put upon trial and, according to the justice's record, ''pleaded guilty to having struck George Vath, Sr., with his hand,'' whereupon the justice found the act illegal and against the peace and dignity of the state of Washington, and assessed a fine against him of one dollar, together with the costs of the prosecution, the whole amounting to two dollars and twenty-five cents. The defendant paid the fine and was discharged from custody.

Afterwards, and on the same day, the defendant was arrested on a warrant issued by a justice of the peace of another precinct in the same county, charging him with an assault in the third degree, committed on the person of George Vath, Sr. Of this offense he was convicted by the justice, and sentenced to pay a fine of one hundred dollars, together with the costs of the prosecution. From the judgment of conviction, he appealed to the superior court. When the record reached that court, the prosecuting attorney filed an information against him, based upon the justice's record, charging him with an assault in the second degree. To the information the defendant interposed a plea of former conviction of the same offense, and

sought to sustain the plea by offering the record of the justice of the peace before whom the first of the proceedings were had. This proffered evidence the trial court rejected, and its rejection constitutes the error relied upon for reversal on the appeal now before us.

We think the ruling of the trial court right for at least two reasons. First, the complaint on which the conviction was had before the justice of the peace did not state an offense. It merely charged that, in a quarrel between the defendant and George Vath, Sr., the defendant "did strike George Vath, Sr., with his hand," all of which could be true and still no offense be committed under the statutes defining the offense of assault. In the absence of a statute to the contrary, there can be no lawful conviction or acquittal upon an information, indictment or complaint which is insufficient to state an offense, and hence no plea of former jeopardy thereon. *State v. George*, 84 Wash. 113, 146 Pac. 378. The cited case also holds that we are without such a statute. Second, the proceedings before the justice were contrary to the plain mandate of the statutes governing the proceedings in such cases. These statutes, while providing that a defendant may plead guilty to any offense charged against him (Rem. Code, § 1929), also provide that, in all cases where the offense charged involves an injury to a particular person who is within the county, it shall be the duty of the justice of the peace to summon the injured person and enforce his attendance at the trial, if necessary; and further, that no justice shall assess a fine, or enter a judgment, until a witness or witnesses have been examined to state the circumstances of the transaction. (Id., §§ 1930, 1931.) These statutes were ignored by the justice of the peace in this instance. The

injured party was not summoned, although he was within the county, and it does not appear that any witness was sworn and examined, much less any witness who stated the circumstances of the transaction. The statutes have a purpose. They were intended to prevent the very thing that evidently occurred in the justice's court; the imposition of a nominal or an inadequate punishment for a grievous offense.

The justice's proceedings, therefore, failed to show a legal conviction of the defendant, and hence there was no error in rejecting as evidence the record showing such proceedings.

The judgment is affirmed.

MOUNT and TOLMAN, JJ., concur.

HOLCOMB, C. J. (concurring)—I concur in the result, for the second reason stated; disagreeing with the first.

BRIDGES, J. (dissenting)—I am unable to concur in that portion of the opinion of the court which holds that appellant cannot successfully raise the question of former jeopardy simply because the complaint, technically read, failed to charge him with a crime. Here we have a man arrested upon a criminal complaint, tried, found guilty, fined, and the fine paid. Later, he is charged by information with the very crime of which he was convicted, and the judgment of which he has paid, and he is not permitted to plead former jeopardy because the complaint upon which he was found guilty was insufficient to state a crime according to the rules of law.

This does not seem to me to be right or fair. Under that theory, one pays the penalty of a crime because he is unable to foresee that the courts will later hold that he was not legally convicted. If this rule is applicable to misdemeanors, it is likewise applicable to

more serious offenses, and thus it might be that one would be required to serve two terms in the penitentiary for one offense. As I read the case of *State v. George,* 84 Wash. 113, 146 Pac. 378, upon which the court's opinion is largely based, it is not applicable to the facts of this case. It would be in point if the appellant had appealed from the judgment of convic- imposed upon him, was thereafter indicted for the the complaint insufficient. In that case the defendant was convicted; he appealed to this court, and we held that the complaint did not state facts sufficient to con- stitute a crime and we ordered the case dismissed. He was later arrested and put to trial on a sufficient in- formation. At that trial he entered a plea of former conviction, which was denied. Upon appeal we up- held that ruling. It seems to me that there is a vast distinction between that case and this one. Here the state, having caused the appellant's arrest and con- viction, and having caused sentence to be imposed upon him and required him to discharge the same, it is in no position to say that the whole proceeding amounted to nothing simply because the complaint, under which he was convicted, did not legally charge a crime. In the case of *Commonwealth v. Loud,* 3 Metc. (Mass.) 328, 37 Am. Dec. 139, the facts were that the defendant, who was convicted in the court of the justice of the peace, and who paid the fine there imposed upon him, was thereafter indicted for the same offense, and on trial, under the indictment, of- fered to prove the record and proceedings of his prior conviction before the justice of the peace as a bar, which offer was denied him. I cannot do better, nor as well, than to give my ideas in the language of the court in that case:

"But in the case at bar, the defendant waived any exception to the judgment, complaint, proceedings, or

sentence; and he has performed the sentence. The commonwealth now desire to have those proceedings held for nothing, so that, by an indictment in technical and legal form, the defendant may be again tried and punished for the same offense of which he has been informally convicted. We cannot think those proceedings before the magistrate were merely void. On the contrary, it is reasonable to believe, that the complainant intended to prosecute for a larceny. The defendant understood it so, and so did the magistrate. Now the judgment that the defendant was guilty, although upon proceedings which were erroneous, is good until the same be reversed. This rule of criminal law is well settled. . . . But he might well waive the error and submit to and perform the judgment and sentence, without danger of being subjected to another conviction and punishment for the same offense."

See, also, *Commonwealth v. Keith,* 8 Metc. (Mass.) 531, 8 R. C. L. 140.

I therefore dissent.