[No. 15585. *En Banc.* July 22, 1921.]

THE STATE OF WASHINGTON, *Respondent,* v. J. E.
COLLINS, *Appellant.*[1]

CRIMINAL LAW (26, 45, 50)—JURISDICTION—OF JUSTICE OF PEACE—
FORMER JEOPARDY. A justice of the peace is without jurisdiction to
assess a fine and enter judgment based only on a plea of guilty of
defendant that he had committed an assault, in view of the provi-
sions of Rem. Code, §§ 1929-1931, to the effect that a defendant may
plead guilty, but in all cases where the offense charged involves an
injury to a particular person within the county, such person's
attendance at the trial should be enforced, and the testimony of
witnesses taken as to the circumstances of the transaction; hence
such judgment of the justice would not constitute a bar, on the
theory of former jeopardy, to a subsequent prosecution in the supe-
rior court for the same offense.

SAME (26, 45, 50). In a prosecution for assault, the refusal to
admit in evidence the record of a justice of the peace to show a
prior conviction for the same offense was proper, where the record
was silent as to the steps necessary to sustain the jurisdiction of
the justice to enter final judgment; there being no presumption
attaching to the record that the justice proceeded properly under
the statutes.

PARKER, C. J., MITCHELL, MACKINTOSH, and BRIDGES, JJ., dissent.

Appeal from a judgment of the superior court for
Stevens county, Jackson, J., entered December 6, 1916,
upon a trial and conviction of assault. Affirmed.

*John Salisbury,* for appellant.

*L. B. Donley,* for respondent.

ON REHEARING.

HOLCOMB, J.—A rehearing having been granted in
this case, *En Banc,* a majority of the court have con-
cluded that the Departmental opinion reported in 112
Wash. 201, 191 Pac. 831, should be rewritten. For the
history of the case and the questions involved, see the
Departmental opinion above cited.

[1] Reported in 199 Pac. 745.

The court is in hopeless division upon both of the principal questions involved herein, but in greater confusion over the first question upon which the Departmental opinion was based than upon the second, for the reason that some of the judges who are in accord upon the second ground disagree upon the first.

We believe that the result was correct but the first reason stated therefor was erroneous.

The statutes which provide that a defendant may plead guilty of any offense charged against him (Rem. Code, § 1929), provides also that in all cases where the offense charged involves an injury to a particular person who is within the county it shall be the duty of the justice of the peace to summon the injured person and enforce his attendance at the trial, if necessary; and further, that no justice shall assess a fine or enter a judgment until a witness or witnesses have been examined to state the circumstances of the transaction. (Rem. Code, §§ 1930-1931.)

These are positive mandates to a justice of the peace having a complaint made to him of an assault involving an injury to a particular person within his county. The evident purpose of these statutes was to prevent collusion and inadequate punishment in cases of assault. A justice of the peace has no more power or jurisdiction to assess a fine or enter a judgment until after he has summoned the injured party and enforced his attendance at the trial and heard the testimony of a witness or witnesses to state the circumstances of the assault, than he has to proceed in any criminal case without a complaint first being made to him. It is not a mere formality or directory matter that is required by the statute. It is a matter of substance and a matter of jurisdiction. It is unlike the case we had before us of *In re Casey*, 27 Wash. 686, 68 Pac. 185, where in a trial before a justice with a jury, the jury rendered a

verdict of guilty but failed by its verdict to assess any punishment. Thereupon the justice assessed a fine, and the defendant refusing to pay it he was committed to jail. The statute involved in that case provided that, "such justice, or jury, if they find the prisoner guilty shall assess his punishment", etc. It was held that the procedure of the justice in assessing the penalty when the jury had failed to do so was simply irregular and voidable, but not void, for the reason that the justice court had jurisdiction of the person and of the subject-matter, and had power to render a judgment of the kind rendered, although it might have been avoided on appeal because of irregularities. Had there been no jury in that case, the justice alone would have assessed the punishment, but the jury having been called it was its duty to assess the punishment, and the duty of the justice to record the punishment fixed by the jury, if within the law. The proceedings were regular up to the time of judgment and the judgment was voidable because not fixed by the proper authority. That is not true of this case. Here the justice had no power to enter any judgment until he had summoned the injured party, enforced his attendance, and received the testimony of a witness or witnesses.

Nor can it be said that, because the record offered by the state was silent as to those steps, it must be presumed that the justice proceeded properly under the statute. It is elementary law that a court which is not a court of record must show its jurisdiction by showing that the steps specified by law necessary to sustain its jurisdiction, were taken. In this case the record is silent as to those steps necessary to sustain the jurisdiction of the justice to enter any final judgment, and therefore it cannot be presumed that he had power sufficient to proceed to judgment. The injured party

was within his county and was not summoned, since the record is silent thereon, nor was any witness, so far as the record discloses, sworn and examined, much less any witness who stated the circumstances of the trans-action. The justice's proceedings, therefore, fail to show a legal conviction of the defendant, and there was no error in rejecting as evidence the record showing such defective proceedings. For this reason the judgment is affirmed.

TOLMAN and MAIN, JJ., concur.

FULLERTON, J. (concurring)—As I read the record from the justice's court, it shows on its face two things, (1) that there was no valid complaint before the justice charging the defendant with crime, and (2) that the justice pronounced his judgment without complying with, and in disregard of, the plain mandate of the statute. This, in my opinion, resulted in a void, not a voidable, judgment, and, in consequence, it could be successfully attacked collaterally whenever claimed rights were sought to be maintained by it. I cannot agree with the opinion of Judge Holcomb, that a judgment of a court not a court of record may be attacked collaterally because it fails to show on its face that "the steps specified by law necessary to sustain its jurisdiction were taken." On the contrary, I think presumptions aid judgments of courts of this class, when the attack on the judgment is collateral as it was here, as well as they aid the judgments of courts of record and of general jurisdiction. But presumptions are indulged in only where the record is silent. The record is presumed to be regular because nothing appears to the contrary. Here, however, the record is not silent. The errors rendering it void appear upon its face. There is therefore no room for presumptions, and none can be called in aid of the judgment.

There should be an affirmance, and I concur in the opinion in so far as it announces that result.

MOUNT, J., concurs with FULLERTON, J.

MITCHELL, J. (dissenting)—There are two principal questions in this case, suggested by the state as follows: (1) the complaint on which the conviction was had before the justice of the peace did not state facts sufficient to constitute a crime; and (2) the proceedings before the justice of the peace were contrary to the provisions of the statutes governing proceedings in such cases.

Upon the first contention made, I am convinced the majority opinion in the Departmental hearing was erroneous and the dissenting opinion therein was correct.

As to the second contention, it is to be observed that, while the statutes provide that a defendant may plead guilty, they further provide that in all cases where the offense charged involves an injury to a particular person who is within the county, it shall be the duty of the justice of the peace to summon the injured person as a witness at the trial and to enforce his attendance by attachment if necessary; and further, that no justice shall assess a fine, or enter a judgment, until a witness or witnesses have been examined to state the circumstances of the transaction. The justice's docket which was offered in evidence and rejected shows a plea of guilty and a judgment imposing a fine and costs. It shows, "testimony having been offered", but is otherwise silent if a witness was sworn; nor does it affirmatively appear if the party injured was examined as a witness. Without doubt the statutes have an important purpose and should not be ignored or overlooked in proceedings before a justice of the peace. Nevertheless, the question remains was the judgment that was

entered void or voidable only, and if the latter, was it sufficient, after having been performed by the defendant, to constitute a bar to another prosecution for the same offense.

There was no answer on the part of the prosecution to defendant's plea of former conviction, to the effect that the judgment of the justice of the peace was collusive on the part of the defendant, or at all. There was no presumption of collusion either by statute or other rule of law. Such an issue, if made, would be one of fact to be tried out as any other issue of fact. But the contention is that the judgment was void. The statute does not say so. The justice of the peace had jurisdiction over the crime charged and the person of the defendant. As it is with all public officers, so it is with courts of limited jurisdiction.

"The presumption that an official did his duty and acted within his authority is recognized in connection with criminal courts, where the record is silent, so that, if jurisdiction is obtained, the validity of a judgment will not be affected by mere irregularity and want of form in the proceedings". 16 C. J. 183, 184.

In this case the defendant submitted to trial in the justice court, did nothing to influence the judgment and performed the judgment when it was imposed. True, the amount was small, possibly a matter of some importance if collusion were charged, but in no manner affecting its validity under the present issue.

On principle, a similar situation was involved in the case of In re Casey, 27 Wash. 686, 68 Pac. 185. A trial was had before a jury, resulting in a verdict of guilty, but the jury did not by its verdict assess any punishment. Thereupon the justice assessed a fine and upon the refusal of the defendant to pay it he was committed to jail. While so detained in custody, he applied to the superior court for a writ of habeas corpus

which was denied and thence he appealed to this court. In the case reliance was had upon a statute (now § 1928, Rem. Code), which contains the following: "Such justice or jury, if they find the prisoner guilty, shall assess his punishment", etc. It was conceded by the state that the failure of the jury to fix the punishment, and the action of the court in fixing it in their stead would likely call for a reversal of the judgment if attacked by appeal, but that the proceedings were simply irregular and voidable, but not void, for the reason that jurisdiction of the person and of the subject-matter was in the justice court, and that the court had power under the pleadings and under the law to enter a judgment of the kind rendered, although it might have been voided on appeal because of irregularities committed by the court during the progress of the case. This latter view was adopted by the court, for, after reviewing cases relied on by the appellant, and finding them to be inapplicable, the court said:

"In this case a complaint was filed charging the offense. The accused was arrested and brought into court. The offense was within the jurisdiction of the justice. He thereby acquired jurisdiction of both the person and the subject-matter. The judgment entered was also within his jurisdiction under the pleadings in the case. The following general statement of the law, as found in 15 Am. & Eng. Enc. Law (2d ed.), p. 170, seems particularly applicable;

" 'But it is only when the court pronounces a judgment which is not authorized by law under any circumstances in the particular case made by the pleadings, whether the trial has proceeded regularly or otherwise, that such judgment can be said to be void', . . .' "

The statute in question in that case was as mandatory upon the subject of procedure as is the one involved in the present case. In that case the judgment was within the pleadings and so it was in the present case.

Similarly, the case of *Everett v. Cowles,* 97 Wash. 396, 166 Pac. 786, discusses the conviction in a police court of one for the violation of a city ordinance. He appealed to the superior court wherein a new complaint was filed against him charging him with the same offense. In answer to the new complaint, he took the untenable position that the complaint filed in the police court did not state an offense and hence that the court was without jurisdiction over the offense, and that therefore the appeal could not vest jurisdiction in the superior court. This court said:

"But without noticing the contradiction involved in the argument, it is enough to say that the jurisdiction of the police court over the crime charged and the person of the defendant did not depend upon the sufficiency of the complaint. This the court had in virtue of the law. And having such jurisdiction, the judgment it rendered was voidable rather than void; enforceable against the defendant until reversed or set aside in some correctory proceeding. *In re Nolan,* 21 Wash. 395, 58 Pac. 222."

It follows from these cases and the reasons they furnish that, notwithstanding the alleged insufficiency of the complaint to state an offense, and notwithstanding the irregularity in the proceedings by which the justice of the peace arrived at the judgment entered, that the judgment though voidable on appeal was sufficient upon its having been performed by the defendant to make it proper evidence to be considered in support of appellant's plea of a former conviction of the same offense, and that the rejection of the complaint and justice's record was reversible error. There seems to be no question in the case of the identity of the person or of the act involved, as compared with those in the case before the justice of the peace. If there be any dispute in those respects, oral testimony may be re-

sorted to for the establishment of such identities if necessary. 16 C. J., p. 425, § 769.

The judgment appealed from should be reversed.

Parker, C. J., Mackintosh, and Bridges, JJ., concur with Mitchell, J.