[No. 21901.   Department One.   April 14, 1930.]

THE STATE OF WASHINGTON, *Respondent*, v. ERNEST
JOHNSON, *Appellant*.[1]

*John T. Casey, Henry Clay Agnew* and *Will. M.
Derig,* for appellant.

*Cecil C. Hallin, Joseph A. Mallery,* and *J. E. Stone,*
for respondent.

PARKER, J.—The defendant, Johnson, was, by infor-
mation filed in the superior court for Cowlitz county,
charged with the offense of unlawfully having in his
possession in that county intoxicating liquor, and was
further charged in the same information with four
prior convictions before justices of the peace of that

[1]Reported in 286 Pac. 844.

county of unlawful possession of intoxicating liquor therein.

A trial upon the merits in the superior court, sitting with a jury, resulted in a verdict finding the defendant guilty of the principal charge, and also finding that he had, prior to the commission of the principal charged offense, been four times convicted of unlawful possession of intoxicating liquor as charged in the information. The defendant's motion for new trial was by the court overruled and final judgment rendered against him, sentencing him to pay a fine and to a term of imprisonment in the county jail; the trial court ignoring the jury's finding of the defendant's alleged prior convictions, this for a reason to be presently noticed. From this judgment the defendant has appealed to this court.

The prosecuting attorney produced and offered in evidence four certified transcripts of justice of the peace records purporting to show four prior convictions of appellant, as charged in the information. Each of these transcripts shows a plea of guilty by appellant; but each wholly fails to show any examination of any witness stating "the circumstances of the transaction" constituting appellant's guilt of any of the charges upon which the justice of the peace conviction judgments were rendered against him. In connection with the prosecuting attorney's offer of these transcripts of records of appellant's purported prior convictions, he put upon the stand, as witnesses for the state, the two justices of the peace, one of which rendered three of the purported prior conviction judgments and one of which rendered one of the purported prior conviction judgments. The testimony given by the justices, in addition to identifying appellant as the convicted person named in the transcripts, affirmatively showed that in none of the prosecutions in which

the purported prior conviction judgments were rendered was there any witness examined stating "the circumstances of the transaction" constituting appellant's guilt.

Thereupon counsel for appellant objected to the introduction in evidence of any of these offered transcripts, which objection was overruled; and at the conclusion of the evidence introduced in behalf of the state, counsel for appellant moved the court to strike the transcripts from the evidence and have the jury disregard them as evidence of prior convictions, which motion was denied. These efforts to have the transcripts excluded from the evidence and consideration of the jury were rested upon the ground that no witness was examined or evidence taken in either of the prosecutions they purported to evidence. Exceptions to these rulings of the court were taken by counsel for appellant. Thus the transcripts of the alleged prior convictions remained with the jury as evidence thereof. After the overruling of appellant's motion for a new trial and the cause was ready for final judgment, the trial judge, evidently being then of the opinion that the transcripts of the justice of the peace convictions wholly failed to prove any valid prior conviction of appellant, rendered judgment against appellant only upon the principal charge in the information, ignoring the alleged prior convictions, which, if proven by competent evidence in addition to the principal charge, would have rendered appellant guilty of a felony.

██ It is contended in behalf of appellant that the admission in evidence of the transcripts of the purported justice of the peace prior conviction judgments was error to his prejudice. This contention, we are of the opinion, must be sustained. Referring to sections

of Remington's Compiled Statutes relating to practice in criminal actions in justice's court, we read:

"§ 1929. The defendant may plead guilty to any offense charged.

"§ 1930. In all cases arising under this chapter, if the offense charged involve injury to a particular person who is within the county, it shall be the duty of the justice of the peace to summon the injured person, and all others whose testimony may be deemed material, as witnesses at the trial, and to enforce their attendance by attachment if necessary.

"§ 1931. No justice shall assess a fine, or enter a judgment thereon, until a witness or witnesses have been examined to state the circumstances of the transaction."

In *State v. Collins,* 112 Wash. 201, 191 Pac. 831, there was drawn in question the validity of a judgment of a justice of the peace convicting an accused of assault, in which prosecution there was no witness examined stating "the circumstances of the transaction" constituting his guilt. Holding that such a purported judgment of a justice of the peace did not constitute a valid judgment, Judge Fullerton, speaking in the majority opinion, said:

"The proceedings before the justice were contrary to the plain mandate of the statutes governing the proceedings in such cases. These statutes, while providing that a defendant may plead guilty to any offense charged against him (Rem. Code, § 1929), also provide that, in all cases where the offense charged involves an injury to a particular person who is within the county, it shall be the duty of the justice of the peace to summon the injured person and enforce his attendance at the trial, if necessary; and further, that no justice shall assess a fine, or enter a judgment, until a witness or witnesses have been examined to state the circumstances of the transaction. (Id., §§ 1930, 1931.) These statutes were ignored by the justice of the peace in this instance. The injured party was not summoned, al-

though he was within the county, and it does not appear that any witness was sworn and examined, much less any witness who stated the circumstances of the transaction.''

Upon rehearing of that case, a majority of the court sitting *En Banc* adhered to that view of the law. Judge Holcomb, then speaking in the majority opinion (116 Wash. 363, 199 Pac. 745) said:

''A justice of the peace has no more power or jurisdiction to assess a fine or enter a judgment until after he has summoned the injured party and enforced his attendance at the trial and heard the testimony of a witness or witnesses to state the circumstances of the assault, than he has to proceed in any criminal case without a complaint first being made to him. It is not a mere formality or directory matter that is required by the statute. It is a matter of substance and a matter of jurisdiction.''

It is argued by the prosecuting attorney that these decisions are not controlling in this case because they relate to an assault conviction. The only difference we see between an offense resulting in injury to a person and an offense which is only an injury to the public is that in a prosecution for the former the injured person must be summoned, while in a prosecution for the latter any competent witness may be summoned. In either, a witness must be ''examined to state the circumstances of the transaction.'' We conclude that the transcripts of the justice of the peace records of the purported prior convictions were erroneously admitted and retained in evidence for the consideration of the jury. There having been no examination of any witness in either of those prosecutions, neither of the purported judgments rendered therein constitutes a valid conviction. They were not only erroneously admitted and retained as evidence in the case for consideration of the jury, but they were manifestly, by

reason of their very nature, of the most highly prejudicial character. They could have no other effect than to inflame the minds of the jurors against appellant in the consideration of whether or not he was guilty of the principal charge, which was the only charge the jury was entitled to consider, for want of the incompetency of the proof of prior convictions.

The judgment is reversed, appellant is awarded a new trial and the cause remanded to the trial court for further proceedings consistent with the views we here express.

MITCHELL, C. J., TOLMAN, BEALS, and MILLARD, JJ., concur.