[No. 34458. Department Two. June 19, 1958.]

THE CITY OF EVERETT, *Respondent*, v. ORVAL C. JONES, *Appellant*.[1]

*P. R. McIntosh* and *Wm. S. Lewis*, for appellant.

*Leslie R. Cooper* and *William F. Ingram*, for respondent.

FOSTER, J.—Appellant Jones was convicted in the police court of the city of Everett, Washington, a city of the first class, of operating a motor vehicle while under the influence

[1]Reported in 326 P. (2d) 1010.

of intoxicating liquor in violation of the city ordinance. Appellant Jones gave oral notice of appeal to the superior court, and, within the time limited by law, filed the certified transcript of the proceedings in the police court with the clerk of the superior court. He then moved to vacate the conviction because said transcript did not show that a witness was "examined to state the circumstances of the transaction." The motion was denied; whereupon, appellant's counsel announced in open court that he would not prosecute the appeal further in the superior court. By written order of the superior court, the case was then remanded to the police court, from which this appeal is taken.

Appellant's claim is that the conviction is a nullity, because the certified transcript of the police court proceeding does not affirmatively disclose that a witness was "examined to state the circumstances of the transaction." No contention is made that witnesses were not so examined, but only that the certified transcript does not recite such fact.

RCW 10.04.080 provides:

"No justice shall assess a fine, or enter a judgment thereon, until a witness or witnesses have been examined to state the circumstances of the transaction."

Under that section, upon proof that no witnesses were sworn, justice court convictions were held invalid in *State v. Johnson,* 156 Wash. 348, 286 Pac. 844, and in *State v. Collins,* 116 Wash. 363, 199 Pac. 745.

Police courts were first created in 1890 (Laws of 1889-90, chapter 7, § 92, p. 172), but RCW 10.04.080, by its terms, applies only to justice courts. Indeed, it was enacted by the first territorial legislature in 1854 (Laws of 1854, chapter 20, § 174, p. 260), before there were police courts, and the legislature has not since made it applicable to them.

The judgment is affirmed.

HILL, C. J., DONWORTH, WEAVER, and ROSELLINI, JJ., concur.

_____

September 4, 1958. Petition for rehearing denied.