No. 11,340.

## SMITH v. HESS, SHERIFF.

JUDGMENT.—*Void and Voidable.*—A judgment by a court of competent jurisdiction is not void unless the thing lacking or making it so is apparent in the record. If the infirmity do not so appear the judgment is not void, but may be voidable.

SAME.—*Delay of in Criminal Cases.*—Under section 1767, R. S. 1881, upon a plea of guilty, the court is not bound to pronounce judgment *eo instanti*, but may delay it for the purpose of hearing testimony as to aggravating or palliating circumstances.

SAME.—*Collateral Attack.*—Where an appeal or other direct mode for the correction of errors in a judgment is provided, that mode must be pursued.

SAME.—*Habeas Corpus.*—A judgment by a court of competent jurisdiction, valid on its face, is an unanswerable return to a writ of *habeas corpus* issued for the release of a person imprisoned by virtue of such judgment.

From the Superior Court of Marion County.

*E. A. Parker, S. M. Shepard, J. B. Elam* and *C. Martindale,* for appellant.

*W. T. Brown* and *R. O. Hawkins,* for appellee.

ZOLLARS, J.—This is a habeas corpus proceeding, instituted by appellant against appellee, as the sheriff of Marion county, to release himself from an alleged illegal imprisonment. The record of the criminal court of Marion county, introduced in evidence upon the hearing below, shows that on the 21st day of August, 1883, appellant pleaded guilty to a charge of grand larceny in that court. As a part of the record entry, showing the plea, is the following: "Sentence withheld." Nothing further appears in the records of that court in relation to the case until the 27th day of October, 1883. The entry upon that day shows that appellant was in court, appearing in person and by counsel; that judgment was pronounced upon this plea, and that he was sentenced to three years imprisonment in the State's prison. The sheriff was charged with the execution of the sentence, and by virtue of this judgment and order, held appellant when this proceed-

ing was instituted. It will be observed that the proceedings and judgment of the criminal court are neither irregular nor void upon the face of the record, unless made so by the statement " Sentence withheld." Some confusion has been brought into the cases by the use of the terms *void* and *voidable*, as applied to judgments. Judgments are frequently spoken of as void, because they may be so declared in a proper proceeding. The general and correct rule, as established by the weight of authority, is, that a judgment by a court of competent jurisdiction is not void, unless the thing lacking, or making it so, is apparent upon the face of the record. If the infirmity do not so appear, the judgment is not void, but voidable. One is a nullity, a mere *brutum fulmen*, and may be so treated by all persons, in collateral as well as direct attacks. The other, except in certain cases of fraud, is binding upon third parties, and upon the parties to it, as against a strictly collateral attack. Freeman Judg., section 116; *Allen* v. *Huntington*, 16 Am. Dec. 702; *Gall* v. *Fryberger*, 75 Ind. 98; *Bloomfield R. R. Co.* v. *Burress*, 82 Ind. 83; *Coan* v. *Clow*, 83 Ind. 417; *Cain* v. *Goda*, 84 Ind. 209; *Krug* v. *Davis*, 85 Ind. 309; *Pressler* v. *Turner*, 57 Ind. 56; *Evans* v. *Ashby*, 22 Ind. 15.

In the case before us, the court is one of record and criminal jurisdiction, with full power to hear and determine all criminal charges known to the laws of the State. It had jurisdiction of the subject-matter, and of the person of the defendant, as shown by its record, and so far as shown by that record proceeded in the manner provided by law. The judgment therefore is not void, unless, as we have said, made so by the entry " Sentence withheld," and the delay which followed " Sentence withheld,' means simply that the judgment was delayed. If the court has authority to delay judgment upon a plea of guilty for any time or for any purpose, the judgment in question is not void upon its face. Section 1767, R. S. 1881, is as follows: " If the accused plead guilty, such plea shall be entered on the minutes, and he shall

be sentenced, or he may be placed in the custody of the sheriff until sentence. And if an accused be under the age of twenty-one years, the court may, in its discretion, withhold sentence, and order that the accused be released during good behavior; and the court shall have full power to order his or her re-arrest, and to pronounce sentence whenever the conduct of the accused shall, in the opinion of the court, make such action proper."

This section clearly gives the court the right to delay sentence. This is reasonable, and in many cases absolutely necessary to the administration of justice. In many cases the court may not be sufficiently advised at the time of the plea of guilty to inflict the proper punishment. It may be necessary to hear evidence to inform the court of the circumstances under which the crime may have been committed, whether palliating or aggravating. That evidence may not be at hand, and a delay of sentence may be necessary to obtain it. The record of the criminal court, *supra*, does not show for what reason the sentence was delayed. The court having the power to delay it, the presumption should be indulged that it was delayed for proper and legal reasons, and for a proper and reasonable time. The judgment then is not void upon its face, but regular and valid, and appellant was, and is, in custody upon a process issued upon a final judgment of a court of competent jurisdiction. It must be remembered that this is not an appeal from that judgment, but a collateral attack upon it. Under the writ of habeas corpus appellant seeks to overthrow it, and have his imprisonment under it declared illegal.

To accomplish this, he claims the right to show *dehors* the record of the criminal court, that, at the time the sentence was withheld, he was 26 years old, and was allowed to depart from the "presence and custody of the court" without bond or recognizance; that the judge of the court told him that if he was brought back, or ever came into the court again, he would be sentenced; that he was absent from the court, and a part

of the time from the State, until the 27th day of October, 1883, when he was arrested upon the streets of Indianapolis by a policeman, without any new warrant, or new legal proceeding, and was taken before the judge of the criminal court and sentenced, and remanded to the custody of the sheriff, as shown by the record of the criminal court. Over the objection and exception of appellee, he was allowed to state these facts in evidence. Upon the admission of this testimony appellee assigns cross errors.

The contention of appellant now is, that, under the statute above set out, the criminal court has authority to allow minors to go on good behavior, but not adults; that, by reason of the facts stated, the court lost jurisdiction of the subject and the person, and hence had no authority to pronounce the judgment and sentence; that being thus allowed to depart, operated as an acquittal, and that his re-arrest and sentence was a second jeopardy for the same offence.

The legitimate inference from the statute is that the Legislature, in its enactment, did not intend that the courts should allow adult offenders to go on good behavior. Without deciding what might be the result of such a practice, upon a proper case made, and properly brought before us, we may say that, as at present advised, we do not feel like giving our sanction to that practice. We say this much, really, outside of the case before us. What we decide is, that the judgment of the criminal court, under which appellant is imprisoned, can not be overthrown in the collateral attack here made upon it. For all irregularities and errors that may intervene in the trial and progress of a criminal cause, the statute of this State provides a direct, easy, cheap and speedy remedy by appeal. The doctrine of the cases is, that where such remedy is provided, defendants imprisoned under judgments, and seeking to overthrow them for reasons which do not render them absolutely void, and which are not apparent upon the record, will be driven to seek a remedy by appeal, or other direct proceeding. A judgment by a court of competent jurisdiction,

valid upon its face, and a valid commitment under it, is an unanswerable return to a writ of *habeas corpus.* A large number of the States have statutes providing that a prisoner shall not be discharged under a writ of *habeas corpus,* where it appears that he is held in custody by virtue of the judgment or decree of a court of competent jurisdiction, or by virtue of a warrant issued upon such judgment or decree. This State is one of them. The writ of *habeas corpus* is not to take the place of a writ of error or a court of appeals.

Section 1119, R. S. 1881, provides that, under this writ, no court or judge shall enquire into the legality of any judgment or process whereby the party is in custody, or discharge him when the term of commitment has not expired, in the cases following, among others:

"*Second.* Upon any process issued on any final judgment of a court of competent jurisdiction."

"*Fourth.* Upon a warrant issued from the circuit court upon an indictment or information."

In the case of *Wright* v. *State,* 5 Ind. 290, Wright applied to the judge of the common pleas court of Elkhart county for a writ of *habeas corpus.* The writ was granted. After return, and upon the hearing, it was made to appear that Wright had been indicted for murder by the grand jury of that county. Upon a plea of not guilty he was put on trial before a jury in the the circuit court. Over his objection the jury was improperly discharged, and he was remanded to jail to await a trial before another jury. Upon these facts the judge of the common pleas refused to release him, and remanded him to jail for trial in the circuit court. He appealed. Upon that appeal this court held that he had been in jeopardy, and that the discharge of the jury was equivalent to a verdict of acquittal, but that under the statute the court below was not in error in refusing a discharge, and in remanding him for trial; that his remedy was to procure a discharge by an order of the circuit court, or to plead the discharge of the jury in bar of a second trial. Under similar facts the doctrine of this case is ap-

proved, and re-asserted in the cases of *Wright* v. *State*, 7 Ind. 324, and *Wentworth* v.*Alexander*, 66 Ind. 39. We are supported in our conclusion by the text-writers, and the adjudicated cases. Hurd Habeas Corpus, 326 *et seq.*; Cooley Const. Lim., 348; *State* v. *Sheriff*, 24 Minn. 87; *Ex Parte Maxwell*, 11 Nev. 428; *Ex Parte Murray*, 43 Cal. 455; *Petition of Crandall*, 34 Wis. 177; *Ex Parte Ruthven*, 17 Mo. 541; *Bell* v. *State*, 4 Gill (Md.) 301; *Ex Parte Bond*, 9 S. C. 80 (30 Am. R. 20); *Fleming* v. *Clark*, 12 Allen, 191; *Ex Parte Shaw*, 7 Ohio St. 81; *Perry* v. *State*, 41 Tex. 488; *Commonwealth, ex rel.*, v. *Lecky*, 1 Watts (Pa.) 66; *Ex Parte Twohig*, 13 Nev. 302; *Ex Parte Kaufman*, 73 Mo. 588; *Ex Parte Farnham*, 3 Col. 545; *Ex Parte Mc-Cullough*, 35 Cal. 97; *In Re Coffeen*, 38 Mich. 311; *State* v. *Shattuck*, 45 N. H. 205; *Ex Parte Parks*, 93 U. S. 18; *Ex Parte Watkins*, 3 Peters, 193.

It might be interesting and profitable to quote from some of the numerous cases above cited, would it not extend this opinion to an undue length.

Our conclusion upon the case in hearing is that the court below erred in the admission of appellant's oral testimony, but not in its judgment. The judgment of that court, therefore, in refusing to discharge appellant, and in remanding him to the custody of the sheriff, is affirmed with costs.

