Lowery v. Howard.

No. 12,603.

LOWERY v. HOWARD.

HABEAS CORPUS.—*Erroneous Judgment.*—*Criminal Law.*—A judgment of conviction by the circuit court, upon a plea of guilty, of murder in the first degree, and the fixing of punishment, without the intervention of a jury, are erroneous, but not void, and can not be attacked collaterally on *habeas corpus.* Section 1119, R. S. 1881.

CRIMINAL LAW.—*Punishment of One Guilty of Murder in First Degree Must be Fixed by Jury.*—*Supreme Court.*—*Appeal.*—*Practice.*—In cases of murder in the first degree, if the court fixes the punishment without the intervention of a jury, it is erroneous, but even when the error is presented on appeal, the Supreme Court can only reverse the judgment, and remand the cause with instructions to submit the question of punishment to the discretion of a jury.

From the Judge of the Clark Circuit Court.

*G. H. Voigt* and *M. Z. Stannard,* for appellant.

*F. T. Hord,* Attorney General, *F. B. Burke,* Prosecuting Attorney, and *W. B. Hord,* for appellee.

HOWK, J.—On the 12th day of September, 1885, Eli Lowery presented to the Honorable Charles P. Ferguson, judge of the Clark Circuit Court, in vacation, his verified petition or application for the issue of a writ of *habeas corpus.* In such application Lowery alleged that he was restrained of his liberty and illegally confined in the Indiana State Prison South by the appellee, Howard, who was the warden of such prison. Upon the presentation of Lowery's application to him, in the vacation of his court, Judge Ferguson made the following order:

"After duly considering such petition and application, it appearing upon the face thereof that Eli Lowery is in the custody of Andrew J. Howard, as warden of the Indiana State Prison South, by virtue of the final judgment of a court of competent jurisdiction, I do not think, under section 1119, R. S. 1881, I have any power to inquire into the legality of such judgment. In my opinion, the facts stated in the petition do not make a *prima facie* case in favor of the petitioner, so as

to authorize the issuing of a writ of *habeas corpus* as prayed for. Therefore, I now order that the petitioner's application for a writ of *habeas corpus* be and the same is refused."

Lowery excepted to this order of the judge, and has appealed therefrom to this court, and has here assigned such order as error.

Lowery made a complete record of his conviction of murder in the first degree, and of his sentence to the Indiana State Prison South for and during his natural life, a part of his petition or application for the issue of a writ of *habeas corpus*. It appeared from this record that at the June term, 1876, of the Orange Circuit Court, in this State, an indictment was duly found and returned into open court, charging Lowery, and four other named persons, with the commission of the crime of murder in the first degree, in Orange county; that afterwards, at the same term of such Orange Circuit Court, Eli Lowery appeared in person, in open court, and, having been arraigned on such indictment, for plea thereto said that he was guilty as therein charged; that thereupon, on the same day, and at the same term, the Orange Circuit Court, being sufficiently advised, found that Eli Lowery was guilty of murder in the first degree; and that the Orange Circuit Court then and there adjudged that Eli Lowery was guilty, as charged in the indictment, of murder in the first degree, and assessed his punishment at imprisonment in the State's prison at Jeffersonville, Indiana, for and during his natural life.

After setting out this record in his petition or application, Eli Lowery alleged that the action of the Orange Circuit Court, in finding him guilty and assessing his punishment as aforesaid without the intervention of a jury, and all subsequent proceedings in such cause, were erroneous, illegal and void, as he was thereby deprived of his constitutional right to a trial by a jury; and that his restraint and confinement in such prison were illegal.

In section 1119, R. S. 1881, it is provided as follows: "No court or judge shall inquire into the legality of any judgment

or process whereby the party is in his custody, or discharge him when the term of commitment has not expired, in either of the cases following: * * * * * *  *Second.* Upon any process issued on any final judgment of a court of competent jurisdiction."

We need not argue for the purpose of showing that the Orange Circuit Court was " a court of competent jurisdiction." It had exclusive original jurisdiction of the crime charged against Eli Lowery, and of his person upon that charge. The proceedings and judgment of the Orange Circuit Court against Eli Lowery, after he had interposed his plea of guilty, were not void, therefore, but were merely erroneous.

In Church on Habeas Corpus, section 372, it is said : " The writ of *habeas corpus* can not be used as a writ of error. Mere error in the judgment or proceedings, under and by virtue of which a party is imprisoned, constitutes no ground for the issuance of the writ, and it is well settled by both the State and Federal courts that a judgment or sentence can not be assailed on *habeas corpus,* if it is merely erroneous, the court having given a wrong judgment when it had jurisdiction of the person and subject-matter. Thus, where one was convicted of assault with intent to kill, and was sentenced to confinement in the penitentiary at hard labor, when such an offence was not punishable by confinement in the penitentiary, it was simply an error not relievable on *habeas corpus,* and the remedy was appeal." *Ex Parte Siebold,* 100 U. S. 371 ; *People, ex rel.,* v. *Liscomb,* 60 N. Y. 559 (19 Am. R. 211) ; *Ex Parte Bond,* 30 Am. R. 20. In this court it has been uniformly held that a judgment, however erroneous it may be, unless it be absolutely void, can not be assailed in a collateral suit or proceeding by a party to such judgment. *Reid* v. *Mitchell,* 93 Ind. 469 ; *Dowell* v. *Lahr,* 97 Ind. 146 ; *Rogers* v. *Beauchamp,* 102 Ind. 33.

In *Ex Parte Watkins,* 3 Pet. 193, which was a petition for the writ of *habeas corpus,* Chief Justice MARSHALL said :

"An imprisonment under a judgment can not be unlawful, unless that judgment be an absolute nullity; and it is not a nullity, if the court has general jurisdiction of the subject, although it should be erroneous."

The Orange Circuit Court had, as we have seen, jurisdiction of the subject-matter and of the person of Lowery when it rendered the judgment against him, under which he is imprisoned. That court erred, we think, when Lowery interposed his plea of guilty, in not calling a jury to say, in their discretion, whether he should suffer the penalty of death or be imprisoned during life; but that error of the court did not render its judgment void. Therefore, the judgment can not be assailed collaterally on *habeas corpus. State, ex rel.*, v. *Murdock*, 86 Ind. 124.

Lowery's counsel rely for the reversal of Judge Ferguson's order upon the recent decision of this court in *Wartner* v. *State*, 102 Ind. 51. That was a direct appeal from the judgment of conviction, affixing the death penalty, and can have but little application to a case of collateral attack. In the case cited the court said: "After the appellant's plea of guilty, the proceedings and judgment of the court are erroneous, and errors of so grave a character that he has the right to insist upon them here as affording substantial grounds for the reversal of the judgment." For these errors it was there held upon appeal that the judgment must be reversed and set aside.

For more than thirty years the law of this State has provided that one who is found guilty of murder in the first degree shall either suffer the extreme penalty of death, or be imprisoned in the State's prison during life, in the discretion of the jury trying the cause. In all those years no such discretion has ever been given to the trial court, if such a thing were possible under our present Constitution. It was error, therefore, in the Orange Circuit Court to exercise the discretion which our law confers upon the jury, and not upon the court, and to assess Lowery's punishment at imprisonment in

the State's prison during his natural life. But it is difficult to see upon what ground Lowery could claim, if he values his natural life, that he was in any wise harmed by the erroneous action of the Orange Circuit Court, of which he complains. Upon his plea of guilty the law required that he should suffer one or the other of two punishments, and of these two the court assessed against him what is generally considered as the milder punishment. Even if his case were before us upon an appeal from the judgment of the Orange Circuit Court, we could do no more (if we did so much) than to reverse the judgment and remand the cause, with instructions to submit the question of his punishment, upon his plea of guilty, to the discretion of a jury.

The order of the judge, in vacation, is affirmed, with costs.
Filed Oct. 30, 1885.