[No. 4090.    Decided March 17, 1902.]

*In the Matter of the Application of* JAMES CASEY *for Writ of Habeas Corpus.*

HABEAS CORPUS — COMMITMENT UNDER ERRONEOUS JUDGMENT — REMEDY BY APPEAL.

The action, of a justice of the peace in fining the accused, upon the failure of the jury to fix his punishment, when, under Bal. Code, § 6669, the jury was charged with the duty of assessing the punishment for any prisoner whom they might find guilty, although erroneous, was not void, where the justice had jurisdiction of the person and the subject-matter; and habeas corpus will not lie to secure the prisoner's release from commitment under such erroneous judgment, but the proper remedy is by appeal.

Appeal from Superior Court, Walla Walla County.— Hon. THOMAS H. BRENTS, Judge. Affirmed.

*Sharpstein & Sharpstein* and *George T. Thompson,* for appellant.

*Oscar Cain,* Prosecuting Attorney, for respondent.

The opinion of the court was delivered by

HADLEY, J.—Appellant was charged with the crime of keeping open a drinking saloon on Sunday. The complaint was filed before a justice of the peace in and for Walla Walla precinct, Walla Walla county. A trial was had before a jury, resulting in a verdict of guilty, but the jury did not by its verdict assess any punishment. Thereupon the justice assessed a fine of $99, and gave judgment that appellant should pay said sum and the costs of the action, and, in default of payment, should be committed to the county jail. Appellant, having made default in the payment of said fine and costs, was by said justice, through a commitment issued by him, ordered into the custody of the sheriff, as the keeper of the jail of said county. Being detained in custody by authority of such commitment, appellant applied to the superior court of Walla Walla county for a writ of habeas corpus, and asked to be discharged from custody. The writ was denied and the appellant was ordered remanded to the custody of the sheriff. From said order, this appeal was taken.

Upon oral argument, appellant's counsel announced that they did not urge certain questions discussed in the brief, and it is therefore unnecessary to discuss them here. They rely upon the following assignment of error: That the court erred in denying the writ and in remanding the appellant to custody, for the reason that it appeared that the jury in the justice court did not, by their verdict, assess any punishment, and that the punishment adjudged by the justice court was assessed by the justice himself. It is urged that a justice of the peace has not authority to fix the punishment when the accused has been tried by a jury. Reference is made to section 6669, Bal. Code,

which contains the following: "Such justice or jury, if they find the prisoner guilty, shall assess his punishment," etc. On the authority of the above statute, it is argued that the judgment of the justice of the peace was unauthorized and void, and that the commitment thereunder was without lawful authority. Respondent's counsel frankly concedes that the failure of the jury to fix the punishment, and the action of the court in fixing it in their stead, was an error which would probably call for the reversal of the judgment if it were before this court on appeal. He, however, insists that the proceedings were simply irregular and voidable, but not void, for the reason that jurisdiction of the person and of the subject matter was in the justice court, and that the court had power, under the pleadings and under the law, to enter a judgment of the kind that was rendered, although it may be avoided on appeal because of irregularities committed by the court during the progress of the case.

We are referred by appellant to the case of *Franks v. State,* 1 G. Greene, 541. Error was assigned in that case that the court fixed the amount of the fine without authority of law. The statutes of Iowa provide that, when any latitude is left as to the amount of punishment for any offense, the jury shall in all cases fix the amount of the punishment. The offense under consideration was subject to a fine by statute of not more than $100 nor less than $50. There being a latitude in the amount of the punishment, it was held that it was the duty of the jury, and not within the province of the court, to fix the fine. The case was, however, heard upon appeal; and the action of the lower court being found erroneous, the judgment was, of course, reversed. There is no intimation that the judgment would have been held void upon an applica-

tion for a writ of habeas corpus. Appellant also refers us to *In re Bonner*, 151 U. S. 242 (14 Sup. Ct. 323). There the prisoner was discharged upon writ of habeas corpus, but the decision was based upon the ground that the sentence to imprisonment for one year and the payment of a fine could not, under any circumstances, be executed under the law by imprisonment in a state penitentiary. It was held that, whatever discretion the court may have possessed in the first instance to prescribe the extent of imprisonment as a punishment for the offense committed, yet it could not, when the term was once limited to no more than one year, specify a state penitentiary as the place for imprisonment, for the reason that sentences to imprisonment for not more than one year must be enforced elsewhere. Thus the judgment was one which the court had no power to render under any circumstances whatever. The prisoner was therefore discharged, without prejudice to the right of the United States to have him sentenced in accordance with law upon the verdict against him. Our attention is also called to *Davis v. Catron*, 22 Wash. 183 (60 Pac. 131). The prisoner was there discharged from the custody of the warden of the penitentiary upon the ground that two judgments were rendered against him on the same day for the same offense; one being a sentence for one year's imprisonment in the penitentiary and the other being for a like imprisonment for five years. The decision proceeded upon the ground that no man can be twice lawfully punished for the same offense, and the court was without power to so punish him. The prisoner had served the term of one year, and sought his discharge. It was rightfully held that, as he had served one term, he could not be held for another term upon the same offense. Clearly, the court in that case, although it had

44—27 WASH.

jurisdiction of the person and the subject matter, never
under any circumstances could have had the power to en-
ter two judgments. Appellant also cites *In re Coulter,*
25 Wash. 526 (65 Pac. 759). In that case no affidavit
setting up the facts claimed to constitute the contempt, as
required by statute, was ever filed. For that reason the
court never had jurisdiction of the person or the subject
matter for any purpose, and therefore the writ was granted.

The above is a review of the authorities cited by ap-
pellant, and, as we have seen, none of them are similar to
the case at bar. In this case a complaint was filed charging
the offense. The accused was arrested and .brought into
court. The offense was within the jurisdiction of the jus-
tice. He thereby acquired jurisdiction of both the person
and the subject-matter. The judgment entered was also
within his jurisdiction under the pleadings in the case.
The following general statement of the law, as found in
15 Am. & Eng. Enc. Law (2d ed.), p. 170, seems particu-
larly applicable:

"But it is only when the court pronounces a judgment
which is not authorized by law under any circumstances
in the particular case made by the pleadings, whether the
trial has proceeded regularly or otherwise, that such judg-
ment can be said to be void, so as to justify the discharge
of the defendant held in custody by it."

In *Williamson's Case,* 26 Pa. St. 9, 17 (67 Am. Dec.
374), the court said:

"A *habeas corpus* is not a writ of error. It cannot bring
a case before us in such a manner that we can exercise any
kind of appellate jurisdiction in it. On a *habeas corpus,*
the judgment even of a subordinate state court cannot be
disregarded, reversed, or set aside, however clearly we may
perceive it to be erroneous, and however plain it may be
that we ought to reverse it if it were before us on appeal
or writ of error. We can only look at the record to see

whether a judgment exists, and have no power to say whether it is right or wrong. It is conclusively presumed to be right until it is regularly brought up for revision. We decided this three years ago at Sunbury, in a case which we all thought one of much hardship. But the rule is so familiar, so universally acknowledged, and so reasonable in itself, that it requires only to be stated."

In *Fleming v. Clark,* 12 Allen, 191, the supreme court of Massachusetts refused to dscharge a prisoner on habeas corpus proceedings, who had been convicted in the superior court of that state and was confined under sentence of imprisonment by that court, for the reason that no questions of law were ever brought, by exceptions or otherwise, for the review of the judgment on appeal to the supreme court. At page 194, the court observed:

"The general rule is well established that a person imprisoned under the sentence of a court having general jurisdiction of the case, is not to be discharged by *habeas corpus,* but should be left to his remedy by appeal, exceptions or writ of error."

In that case a writ of error had been issued by a single justice of the supreme court of the United States, directed to the superior court that tried the cause; and the application for the writ of habeas corpus was made upon the ground that said writ of error had the effect to stay the proceedings, and that the prisoner was entitled to his discharge. But the supreme court of Massachusetts held that inasmuch as writs of error are not issued by the supreme court of the United States, directed to a state court, until the court of last resort in the state has had an opportunity to construe the law involved, it would therefore assume that the writ of error was improvidently issued. Thus, with the writ of error in existence, issued by a member of the highest court in the land, the Massachusetts court de-

clined to discharge the prisoner, or to review the judgment below on habeas corpus proceedings.

In *Lowery v. Howard,* 103 Ind. 440 (3 N. E. 124), the prisoner had entered a plea of guilty to a charge of murder in the first degree. The statute provided that in such a case a jury should be impaneled, whose duty it should be to fix the punishment, which, under the law, might be either death or imprisonment for life. The court failed to cause a jury to be impaneled, and proceeded to fix, and did fix, the punishment at imprisonment for life. The application was made for the release of the prisoner on the ground, as alleged, that the judgment of the court was void. It was held that the judgment was not void, but merely erroneous, and that it could not be attacked on habeas corpus. At page 443, the court said:

"The Orange Circuit Court had, as we have seen, jurisdiction of the subject-matter and of the person of Lowery when it rendered the judgment against him, under which he is imprisoned. That court erred, we think, when Lowery interposed his plea of guilty, in not calling a jury to say, in their discretion, whether he should suffer the penalty of death or be imprisoned during life; but that error of the court did not render its judgment void. Therefore, the judgment can not be assailed collaterally on *habeas corpus.*"

Again, the same court, in *Willis v. Bayles,* 105 Ind. 363 (5 N. E. 8), held that a judgment of a justice of the peace, rendered upon a defective verdict of a jury, however erroneous, is not void and cannot be collaterally attacked in a habeas corpus proceeding. At page 368, the court said:

"It is settled law that the writ of *habeas corpus* cannot be used as a writ for the correction of mere errors in the judgment, under and by force of which the petitioner for the writ is restrained of his liberty. 'An imprisonment under a judgment,' said Chief Justice MARSHALL, 'can

not be unlawful, unless that judgment be an absolute nullity; and it is not a nullity, if the court has general jurisdiction of the subject, although it should be erroneous. *Ex Parte Watkins,* 3 Pet. 193. In such case the petitioner for the writ assails collaterally the judgment under which he is imprisoned, and it is clear that to entitle himself to a discharge from such imprisonment he must show the judgment, either by his petition or by his proof on the hearing, to be an absolute nullity."

Church on Habeas Corpus (2d ed.), § 372, states the rule as follows:

"A judgment may be erroneous and not void, and it may be erroneous because it is void. It may be erroneous because it is excessive or deficient, or because of some error or irregularity of procedure occurring at or before trial; but a judgment or sentence can not be impeached on habeas corpus if it is merely erroneous, the court having given a wrong judgment when it had jurisdiction of the person, place, and subject-matter. The error in the judgment, however, must not be so flagrant as to affect the question of jurisdiction. If there is a want of jurisdiction, the judgment is void; and if the sentence is in excess of that authorized by law, it is void, at least so far as concerns the excess. The sentence can not be successfully attacked on habeas corpus, unless it is shown to be more than simply erroneous; and where a court has general jurisdiction over the person, place, and offense charged, another court can not, on this writ, set it aside or inquire into its propriety, or deny it the effect which the law assigns to any sentence, simply because it is erroneous."

As we have seen, the justice had jurisdiction of the person and subject-matter. The judgment rendered was within his jurisdiction as to the amount of the fine, and was one he had the power to render under the pleadings in the case. It was at most irregular, and therefore erroneous. It was voidable, but not void. On appeal it might be corrected because of error; but, from the authorities above

discussed, we have seen that habeas corpus cannot be treated as a proceeding to inquire into mere error, when the error consists of mere irregularities in a case of which the court had full jurisdiction, and when the judgment rendered is within the jurisdiction conferred by law upon such court.

The judgment is affirmed.

REAVIS, C. J., and FULLERTON, WHITE, ANDERS, MOUNT and DUNBAR, JJ., concur.