[No. 18631.　Department One.　June 4, 1924.]

*In the Matter of the Petition of* William Voight, Jr., *for a Writ of Habeas Corpus.*[1]

Habeas Corpus (8-1)—Grounds for Relief—Correction of Error—Criminal Sentence. Habeas corpus does not lie to release a prisoner confined under a sentence and judgment for murder in the first degree, on the ground that a jury was not empanelled and did not fix the punishment, as required by Rem. Comp. Stat., § 2116, where the court had jurisdiction; since the judgment was not void and habeas corpus does not lie to correct error or irregularities or to collaterally attack a judgment.

Application filed in the supreme court April 15, 1924, for a writ of habeas corpus to release a person held in custody upon conviction of the crime of murder in the first degree. Denied.

*E. H. Kohlhase,* for plaintiff.

*The Attorney General* and *E. W. Anderson, Assistant,* for respondent.

Holcomb, J.—Petitioner, convicted of murder in the first degree and sentenced to imprisonment for life, in and by the superior court for Cowlitz county, on

[1]Reported in 226 Pac. 482.

March 11, 1918, presents his petition in this court for a writ of *habeas corpus,* demanding to be discharged from imprisonment. It is alleged in his petition that the imprisonment, confinement and restraint are illegal, in that the superior court for Cowlitz county had no jurisdiction, right or power, by reason of the provisions of § 2116, Rem. Comp. Stat. [P. C. § 9169], to assess the punishment upon petitioner, because the statute cited provides that a jury shall fix the punishment therefor.

It is attempted to be shown by the copy of the judgment and sentence attached to the petition that the judgment was based only upon the plea of guilty of the petitioner to the offense charged in the information, which was murder in the first degree, and that the record does not show that any jury was empaneled which found the degree of the crime charged of which petitioner might be guilty.

The *Attorney General* demurs to the petition upon the grounds that the court has no jurisdiction of the person nor subject-matter of the action, and that the petition does not state facts sufficient to constitute a cause of action or to allow the relief prayed for or any relief.

The statute relied upon by petitioner reads:

"If, on the arraignment of any person, he shall plead guilty, if the offense charged be not murder, the court shall, in its discretion, hear testimony and determine the amount and kind of punishment to be inflicted; but if the defendant plead guilty to a charge of murder, a jury shall be empaneled to hear testimony, and determine the degree of murder and the punishment therefor."

Upon this, the petitioner contends, the lower court had no jurisdiction whatever to enter the judgment in question; that the judgment is void, and being so is

incurable by amendment or otherwise, and petitioner is entitled to discharge.

No proposition is better settled in this state than that the writ of *habeas corpus* cannot be used to collaterally attack a judgment, even though the judgment is erroneous, if not utterly void. *In re Casey,* 27 Wash. 686, 68 Pac. 185; *In re Newcomb,* 56 Wash. 395, 105 Pac. 1042; *In re Miller,* 129 Wash. 538, 225 Pac. 429.

There can be no doubt, under the record brought up by petitioner, that the superior court for Cowlitz county had jurisdiction of the person and of the subject-matter involved in the prosecution against petitioner. The information in the case charged that the crime was committed on November 28, 1917, in the county of Cowlitz, state of Washington; that the crime charged was that of murder in the first degree, an offense of which the court, a court of general jurisdiction, assuredly had jurisdiction, and was competent to proceed to final determination and judgment. Upon this information, petitioner was arrested upon a warrant and taken into custody. He was thereafter taken before the court, arraigned, and plead guilty. The person, place and crime were within the jurisdiction of that court. It is therefore uncontrovertibly shown that the lower court had jurisdiction of the person and of the subject-matter of the prosecution.

The contention that the judgment was void on its face cannot be sustained in view of our decision in *In re Casey, supra,* where the law was ably discussed.

A judgment may be erroneous and not void. It may be erroneous because it is excessive or deficient, or because of some irregularity in the procedure occurring at or before the trial; but a judgment or sentence cannot be impeached on *habeas corpus* if it is only erroneous, the court having given a wrong judgment

when it had jurisdiction of the person, place and sub-ject-matter. Church on Habeas Corpus (2d ed.), § 372; *In re Casey, supra.*

Another statute, § 1075, Rem. Comp. Stat. [P. C. § 8039], reads:

"No court or judge shall inquire into the legality of any . . . . process whereby a party is in cus-tody, or discharge him when the term of commitment has not expired, in either of the cases following:—

"1. Upon any process issued on any final judgment of a court of competent jurisdiction, . . . ."

The case is like that of *Lowery v. Howard,* 103 Ind. 440, 3 N. E. 124, cited with approval in *In re Casey, supra,* and where the statutes governing were the same. There the supreme court conceded that the circuit court erred, when petitioner interposed his plea of guilty, in not calling a jury to say in their discretion whether petitioner should suffer the penalty of death or be imprisoned during life. But the court said that that error of the lower court did not render its judg-ment void, and that the judgment could not be assailed collaterally on *habeas corpus.* There was a statute in force exactly like our § 1075, *supra.* It was therefore held that the trial court had jurisdiction of the person and subject-matter of the offense charged against petitioner in that case, and that its judgment, though erroneous, could not be collaterally attacked on *habeas corpus.*

See, also: *In re Nolan,* 21 Wash. 395, 58 Pac. 222; *Ex parte Haase,* 5 Cal. App. 541, 90 Pac. 946; *Smith v. Hess,* 91 Ind. 424.

In the last cited case, the court said:

"A judgment by a court of competent jurisdiction, valid upon its face, and a valid commitment under it, is an unanswerable return to a writ of *habeas corpus.*"

It is profitless to elaborate further. It is well settled that, under our statutes and precedents, a writ of *habeas corpus* cannot be granted in a case like this.

The demurrer must be and is sustained and the petition for the writ denied.

Main, C. J., Tolman, Mackintosh, and Parker, JJ., concur.