[No. 29682. Department One. November 15, 1945.]

*In the Matter of the Application of* NORMAN J. SANFORD *for a Writ of Habeas Corpus.*[1]

*H. E. Foster,* for appellant.

*The Attorney General* and *R. Paul Tjossem, Assistant,* for respondent.

MALLERY, J.—On February 27, 1945, the chief justice of this court directed to the superintendent of the state penitentiary, an order to show cause in the superior court for Pierce county why a writ of *habeas corpus* should not issue upon the petition of Norman J. Sanford.

Thereafter, on March 15, 1945, the superintendent of the state penitentiary filed his answer showing the court that the petitioner was found guilty on the first day of June, 1938, of the crime of burglary in the second degree and was sentenced to the state penitentiary for not more than fifteen years, as appeared from the judgment and sentence of peti-

[1] Reported in 163 P. (2d) 591.

tioner entered by the superior court for Grant county as follows:

"On this 1st day of June, 1938, comes E. W. Schwellenbach, Prosecuting Attorney for the County and State aforesaid, and the said defendant, Norman J. Sanford, in this action is brought to the bar of the Court here, at the time this judgment is signed, and being asked if he has any legal cause to show why judgment of the court should not be pronounced against him says nothing, unless as he before has said; and it appearing to the Court by the verdict of guilty that the defendant, Norman J. Sanford is guilty of the crime of burglary in the Second Degree whereupon, all and singular, the premises being seen by the Judge of the Court here fully understood, it is

"ORDERED, ADJUDGED AND DECREED by said court that the said defendant, Norman J. Sanford is guilty of the crime of Burglary in the Second Degree charged, and that he be punished therefor by imprisonment in the Penitentiary at Walla Walla in said State, not more than fifteen years and the defendant Norman J. Sanford, is hereby remanded to the custody of the Sheriff of said County to be by him detained and delivered into the custody of the proper officers for transportation to the said Penitentiary.

"C. G. JEFFERS
"Judge of the Superior Court, aforesaid."

Thereupon, the superior court for Pierce county finding that the court passing sentence was one of competent jurisdiction, that the petitioner was before the court, that he had been adjudged guilty of the crime of burglary in the second degree and that the sentence was legal as provided by Rem. Rev. Stat., § 2579 [P. P. C. § 113-77] and Rem. Rev. Stat. (Sup.), § 10249-2 [P. P. C. § 782-5], entered its order denying the petition. The petitioner appeals to this court.

The judgment and sentence is valid on its face, since it shows the court had jurisdiction of the person and of the subject matter and that its sentence was lawful. No further inquiry is necessary. See *In re Grieve,* 22 Wn. (2d) 902, 158 P. (2d) 73; *In re Van Wagner, ante* p. 99; *In re Boggie, ante* p. 102; *In re Voight,* 130 Wash. 140, 226 Pac. 482; *In re Clark, ante* p. 105; *In re Rice, ante* p. 118; *In re Behrens, ante* p. 125.

The questions raised by appellant are all extraneous to

the judgment and sentence, which is valid on its face. Appellant contends that the information alleges the breaking and entering of the warehouse of the Standard Oil Company of California, located in Ephrata, Washington, and does not allege whether the Standard Oil Company of California is a partnership, a domestic corporation, or a foreign corporation, and that it does not allege that Ephrata is in Grant county.

Here, the superior court of the state of Washington for Grant county, a court of general jurisdiction, had jurisdiction of the statutory crime for which appellant was sentenced. It had jurisdiction of the person of the appellant and it had authority to enter the particular judgment that was entered. The judgment and sentence was therefore valid on its face, and we will not go behind it upon a petition for a writ of *habeas corpus* to inquire into matters that should have been raised upon appeal.

The order is affirmed.

BEALS, C. J., MILLARD, STEINERT, and SIMPSON, JJ., concur.