[No. 30426. Department Two. April 15, 1948.]

*In the Matter of the Application of* CECILE HIGDON *for a Writ of Habeas Corpus.*[1]

[1]Reported in 192 P. (2d) 744.

*The Attorney General, Jane Dowdle, Assistant, Patrick M. Steele, Hardyn B. Soule,* and *John B. Krilich,* for appellant.

*Harry H. Johnston,* for respondent.

JEFFERS, J.—On May 9, 1947, Fred Higdon filed in the superior court for Clark county, Washington, his affidavit wherein he stated that there was in such county an insane person whose name is Cecile D. Higdon, who, by reason of insanity, was unsafe to be at large. Affiant, who is Cecile D. Higdon's husband, asked that his wife be arrested and taken before the court for examination.

On May 14, 1947, an insanity hearing was held before the Honorable Eugene G. Cushing, superior court judge for Clark county, and on the same date Cecile D. Higdon was committed to the Western State Hospital for the Insane. The order of commitment provides:

"Cecile D. Higdon, the person named in the foregoing affidavit, being this day brought before me, for examination on a charge of insanity, and no jury having been demanded either by or on behalf of said person, and having heard the testimony of Fred Higdon, Ray Higdon and Nellie Higdon, witnesses who have been acquainted with the accused during the time of the alleged insanity; and Drs. Floyd J. O'Hara and H. Leslie Frewing, legally qualified and reputable physicians, after hearing the testimony of witnesses, and after a personal examination of the accused, having made the certificate by law required; and being myself satisfied that the said Cecile D. Higdon is insane, and being

further satisfied of the truth of all the matters set forth in the certificates of said physicians, I do hereby order that the said Cecile D. Higdon be confined in the Western State Hospital for Insane, and the Department of Finance, Budget and Business is charged with the execution of this order."

It will be noticed that the above order is silent as to whether or not Cecile D. Higdon (who will hereinafter be referred to as respondent) was informed by the court of her right to trial by jury and the right of appointment or selection of counsel, and as to whether she had a guardian, or whether a guardian was appointed for her. However, the judgment of the court entered on May 14, 1947, states:

"This matter having come regularly on for hearing before the Court in the matter of Cecile D. Higdon, an insane person, and the Court having summoned and examined under oath the *guardian* and relatives of such alleged insane person, and being fully advised in the premises, . . ." (Italics ours.)

Attached to the commitment papers is a certificate of the physicians who examined respondent, and their findings refer to and, by reference, incorporate therein the report of Dr. Knox H. Finley, of Portland, to whom respondent had been sent, and who had examined her.

September 11, 1947, respondent filed in the superior court for Pierce county her petition for a writ of *habeas corpus*, wherein she alleged that she was unlawfully imprisoned, confined, and restrained of her liberty by Dr. W. N. Keller, superintendent of the Western Hospital for the Insane. The petition further states that respondent is not insane, but is sane and in full possession of her senses and in a condition to be discharged from such institution.

On the filing of the above petition, a writ was issued, commanding Dr. Keller, appellant herein, to bring respondent before the court on September 19, 1947.

Dr. Keller, on September 17, 1947, served and filed his return to the writ, attaching thereto the commitment, findings of fact, judgment, and certificate of the physicians, including the report of Dr. Knox H. Finley. He also on that date served and filed his answer to the petition for a writ of

*habeas corpus,* wherein he denied each and every allegation contained in respondent's petition.

On September 18, 1947, respondent filed a motion to strike from the return the report of Dr. Knox H. Finley, and a motion, supported by her affidavit, excepting to the sufficiency of the return of Dr. Keller, and moving that the court vacate the judgment of commitment entered by the superior court for Clark county, for the reason that the return of Dr. Keller affirmatively shows that the order of commitment was made by reason of a hearing had before such court, at which respondent was placed on trial and tried without the trial court first performing the duty devolving upon it under Laws of 1941, chapter 214, p. 673 [Rem. Supp. 1941], of informing the accused of her right to trial by jury and the appointment or selection of counsel therefor, and that because such commitment fails to show that this was done, the court acted in *excess* of its jurisdiction in trying the charge of insanity.

On September 18, 1947, respondent filed an amended petition for a writ of *habeas corpus,* wherein she alleged, as in the first petition, that she is not insane, but sane and in a condition to be discharged from the Western State Hospital for the Insane. She further alleged that the court which committed her never acquired jurisdiction to conduct the trial and order the commitment, and that the order of commitment is void because of the failure of the court to advise her of her right to a jury trial and the selection or appointment of counsel.

Appellant, on September 19, 1947, demurred to the amended petition. A hearing on appellant's demurrer to the amended petition and respondent's exception to Dr. Keller's return was set for September 23, 1947.

On September 22, 1947, respondent filed a second amended petition for a writ of *habeas corpus,* in which she set forth the matters alleged in her original and first amended petitions, and in addition, she alleged that at the time of these proceedings she had no guardian, and that such proceedings were had without the court appointing any guardian

for her; that the court failed to summon her mother and her sisters as witnesses; and that, by reason of all these facts, the court acted in excess of its jurisdiction, and the order of commitment is void.

When the matter came on for hearing, it was stipulated that Dr. Keller's demurrer to the amended petition should apply to the second amended petition.

After argument on the issues raised by respondent's exception to the return of Dr. Keller, and by appellant's demurrer to respondent's second amended petition, the trial court, on September 26, 1947, signed and, on September 29th, filed what is designated as a "Memorandum Decision." Appellant, in his brief, makes the following statement relative to this memorandum decision:

"The trial court rendered its judgment under date of September 26, 1947, which judgment is entitled 'Memorandum Decision' but is in the form of a final order."

In this memorandum decision, the court quotes the following portion of chapter 214, p. 673, Laws of 1941:

"And it shall be the duty of the judge so to inform the accused of his right to trial by jury and the appointment or selection of counsel therefor."

The court quotes further from chapter 214, *supra*, as follows:

"The court shall summon the guardian, if any, or such alleged insane person, also the relatives of such alleged insane person, to-wit: husband or wife, parents, children or other interested persons to appear in court. If there is no guardian for such alleged insane person, the court shall appoint such guardian."

The memorandum decision continues:

"The records in this case fail to show that either of the above mandatory provisions were complied with. Further, the affidavit of petitioner alleges that the mother of said inmate resided in Vancouver, Washington, the city where the commitment was made and was not notified or advised of said hearing; that the witnesses, other than the doctors, were the accused's husband, his son by a former marriage and his son's wife.

"Therefore it is ordered that the commit[t]ing court acted in excess of its jurisdiction in trying the charge of insanity and said judgment was illegally obtained.

"IT IS FURTHER ORDERED that the relief prayed for, to-wit, a writ of habeas corpus, be and the same is hereby ordered issued.

"FURTHER, IT IS ORDERED that the petitioner is granted a motion to amend her petition as prayed for in said motion and in her second amended petition on file in this cause.

"This court holds that the petitioner's attack is not collateral but is directed to the hearing of commitment itself and holds under the law that her statutory rights, as heretofore stated, were not protected. The writ will issue and the demurrer to petitioner's amended petition for a writ of habeas corpus is overruled; that the judgment is invalid on its face as the provisions of chapter 214 are mandatory and must be strictly complied with.

"IT IS FURTHER ORDERED that the petitioner's motion to strike the report of one Knox H. Finley, on file in this cause, is hereby granted.

"Done in open court this 26th day of September, 1947.

"W. A. RICHMOND, Judge."

On September 27, 1947, without notice to counsel for appellant, respondent presented to the trial court a document entitled "Judgment Granting Writ of Habeas Corpus and Discharging Petitioner," which judgment was signed by the court on September 27th. By the terms of this document, the demurrer to respondent's petition for writ of *habeas corpus* was overruled, and it was ordered that the judgment of the superior court for Clark county, committing respondent, be set aside as one granted in excess of the jurisdiction of the court, and that the writ of *habeas corpus* be granted. It was further ordered that appellant forthwith release respondent from further confinement in the Western Hospital for the Insane.

On September 30, 1947, appellant filed a motion to vacate the judgment of September 27, 1947, and in support of such motion, filed an affidavit of the attorney for appellant, wherein it is alleged that the judgment of September 27th was wrongfully obtained, because it was signed without notice to appellant's attorney, and further, that the purported judgment of September 27th is not a proper instru-

ment to be placed on file in this case, the court's decision of September 26th being in fact the final judgment and the only judgment properly rendered in the proceedings.

While much might be said in support of appellant's contention that the so-called memorandum decision was in fact a final order, we have assumed, for the purposes of this opinion, that it was only a memorandum decision, and that the final judgment was the only one entered on September 27, 1947.

Upon the filing of the motion and affidavit above referred to, a show cause order was issued, requiring respondent to appear and show cause why the judgment of September 27th should not be vacated. On October 3, 1947, the court entered an order denying appellant's motion to vacate the judgment of September 27th.

Appellant gave timely notice of appeal from what he terms in his notice "the final judgment," signed on September 26th, but not filed until September 29, 1947, from the "purported final judgment" entered on September 27, 1947, and from the order refusing to vacate the "purported final judgment" entered October 3, 1947.

Appellant's assignments of error are in sustaining respondent's exceptions to appellant's return to the writ of *habeas corpus*; in overruling appellant's demurrer to respondent's amended petition for writ of *habeas corpus*; in entering the judgment releasing respondent from the custody of appellant; in ordering respondent released from all custody rather than ordering her returned for a further and regular commitment; in granting respondent's motion to strike the report of Knox H. Finley; and in entering the purported judgment of September 27, 1947, and in refusing to vacate the same.

■ We are met at the outset by a motion on the part of respondent to dismiss the appeal. This motion is based upon two grounds: first, that the question presented is moot; and second, that no appeal will lie from a judgment in *habeas corpus* discharging respondent. We are of the opinion this motion must be denied, on the authority of *In re Gar-*

*finkle,* 37 Wash. 650, 80 Pac. 188. We quote from the opinion:

"The petitioner and respondent was convicted before a justice of the peace, in Seattle, for peddling with a two-horse wagon without a license, which was required by virtue of ordinance 6,036, as amended by ordinance 8,327, was fined in the sum of $5, and committed to the city jail until such fine should be paid. He sued out a writ of habeas corpus before Judge Bell, in the superior court of King county, *and was discharged from custody* thereon. The city appeals from such judgment of discharge.

"Respondent moves to dismiss this appeal for the reason that the order appealed from is not an appealable order, but, under the decisions of this court to the effect that a habeas corpus proceeding is a civil proceeding, the motion will be denied." (Italics ours.)

The rule announced in the cited case has never been overruled or modified, in so far as we have been able to determine.

In view of the holding in the *Garfinkle* case, *supra,* we do not deem it necessary to refer to or discuss authority cited by respondent from other jurisdictions, nor to the additional authority cited by appellant from other jurisdictions. However, there is ample authority from other jurisdictions to support the rule that the state or officer from whose custody a prisoner has been discharged may appeal from a final order of such court discharging a prisoner on *habeas corpus.*

Appellant having the right to appeal from the judgment entered, the questions presented did not become moot by reason of the fact that respondent was discharged from custody under and by virtue of such judgment.

It is appellant's theory that respondent's petition for a writ of *habeas corpus* is a collateral attack upon a judgment and commitment which is fair and regular upon its face, and which is not, therefore, void, although, under the facts admitted by appellant's demurrer, the judgment and commitment may be voidable in an appropriate proceeding instituted in Clark county.

Rem. Supp. 1947, § 1075, provides:

"No court or judge shall inquire into the legality of any judgment or process whereby the party is in custody, or discharge him when the term of commitment has not expired, in either of the cases following:

"(1) Upon any process issued on any final judgment of a court of competent jurisdiction except where it is alleged in the petition that rights guaranteed the petitioner by the Constitution of the State of Washington or of the United States have been violated. . . ."

■ The rule is firmly established in this state that the writ of *habeas corpus* cannot be used to collaterally attack a judgment, even though the judgment is erroneous, if not utterly void. *In re Voight,* 130 Wash. 140, 226 Pac. 482; *Voigt v. Mahoney,* 10 Wn. (2d) 157, 162, 116 P. (2d) 300; *In re Horner,* 19 Wn. (2d) 51, 54, 141 P. (2d) 151; *In re Grieve,* 22 Wn. (2d) 902, 908, 158 P. (2d) 73, 26 Wn. (2d) 156, 160, 173 P. (2d) 168; *In re Bass v. Smith,* 26 Wn. (2d) 872, 876, 176 P. (2d) 355.

Appellant further contends that appellant's return to the writ of *habeas corpus* was an unanswerable return, so far as the irregularities complained of in this proceeding are concerned, and to support his contention quotes from *In re Voight, supra,* wherein this court cited and quoted from *Smith v. Hess,* 91 Ind. 424, as follows:

"'A judgment by a court of competent jurisdiction, valid upon its face, and a valid commitment under it, is an unanswerable return to a writ of *habeas corpus.*'"

That respondent is here attempting to collaterally attack the judgment and commitment of the superior court for Clark county, is further evidenced by what the court stated in *Rowe v. Silbaugh,* 96 Wash. 138, 141, 142, 164 Pac. 923, and *Peyton v. Peyton,* 28 Wash. 278, 68 Pac. 757, where, on p. 300, "collateral attack" is defined. See, also, *Thompson v. Short,* 6 Wn. (2d) 71, 82, 106 P. (2d) 720.

■ Since respondent, in our opinion, is here attempting by *habeas corpus* proceedings to collaterally attack the judgment and commitment of the Clark county court, such action can be maintained only if the judgment and commitment is void on its face. *In re Behrens,* 24 Wn. (2d) 125, 133, 163 P. (2d) 587; *In re Rice,* 24 Wn. (2d) 118, 124, 163 P.

(2d) 583. The difference between a void and voidable judgment is explained in *Peyton v. Peyton, supra,* at pp. 297, 298.

■ Does the judgment and commitment entered by the superior court for Clark county appear valid upon its face? It is true that such judgment and commitment is silent as to whether or not respondent was informed by the court that she was entitled to a jury trial, and entitled to employ counsel or have counsel appointed to defend her. We think that the judgment does show affirmatively that respondent's guardian was present, as the judgment contains the following language:

"This matter having come regularly on for hearing before the court in the matter of Cecile D. Higdon, an insane person, and the court having summoned and examined under oath the *guardian* and relatives of such alleged insane person . . . " (Italics ours.)

It would seem that the above language of the judgment answers respondent's contention that the judgment and commitment are void because of the failure of the court to appoint a guardian for respondent.

■ We are of the opinion that the failure of the judgment and commitment to contain any statement as to whether or not respondent was advised of her right to a jury trial and the appointment or selection of counsel does not render the judgment void.

■ "The mere fact that the jurisdiction of a court to render a particular judgment does not appear of record does not render such judgment subject to a collateral attack. Indeed, the general rule is that a collateral attack may not be made upon a judgment where the absence of jurisdiction does not appear upon the record. Under this rule, the validity of a judgment when collaterally attacked must be tried by an inspection of the record alone, and no other or further evidence on the subject is admissible, even though such evidence might be sufficient to impeach the judgment in a direct proceeding against it." 31 Am. Jur. 198, § 602.

In *Thompson v. Short, supra,* we quoted with approval the following rule announced in 15 R. C. L. 893, § 373:

" 'According to the common law rule, adhered to at the present time in most of the states, the presumption in favor of the jurisdiction of a court of general jurisdiction is conclusive and its judgment cannot be collaterally attacked where no want of jurisdiction is apparent of record. Whenever the record of such a court is *merely silent* upon any particular matter, *it will be presumed, notwithstanding such silence*, that whatever ought to have been done was not only done but that it was rightly done. So where the judgment contains recitals as to the jurisdictional facts these are deemed to import absolute verity unless contradicted by other portions of the record. Consequently such a judgment cannot be collaterally attacked in *courts of the same state* by showing facts aliunde the record, although such facts might be sufficient to impeach the judgment in a direct proceeding against it. The validity of a judgment when collaterally attacked must be tried by an inspection of the judgment roll alone, and no other or further evidence on the subject is admissible, not even evidence that no notice had been given.' " (Italics ours.)

In the *Thompson* case, *supra*, we also quoted from *Scott v. Hanford*, 37 Wash. 5, 79 Pac. 481, as follows:

" 'Where it appears on the *face of the record* that no service has been made on the defendant, and the court must know, from a bare inspection thereof, that the judgment is void for want of jurisdiction over the person of the defendant, it will set aside the judgment, on the motion of the defendant or of any one injuriously affected by it; but, when the judgment is valid on its face, it is not thus subject to attack. To set aside a judgment for matters *de hors* the record, it must be attacked by some one of the *statutory methods for the vacation of judgments*, and within the time limited by statute, or by a suit setting up some equitable ground for its vacation.' (Italics ours.)"

We again quote from *In re Voight, supra*:

"A judgment may be erroneous and not void. It may be erroneous because it is excessive or deficient, or because of some irregularity in the procedure occurring at or before the trial; but a judgment or sentence cannot be impeached on *habeas corpus* if it is only erroneous, the court having given a wrong judgment when it had jurisdiction of the person, place and subject-matter."

There is no question but that the superior court for Clark county had jurisdiction of the person of respondent and the subject matter.

William Voight, who was the party involved in the case of *In re Voight, supra,* was again before this court in *Voigt v. Mahoney,* 10 Wn. (2d) 157, 116 P. (2d) 300, and we quote from the opinion in the latter case:

"In so far as it is now contended by petitioner herein that his confinement is illegal because no jury was called or impaneled to determine the degree of murder of which he was guilty or the punishment therefor, the earlier *Voight* case, *supra,* is determinative. The judgment in the original criminal action [the record in this action did not affirmatively show whether or not a jury had been impaneled to determine the degree of the crime charged] not being void upon its face, even though it may have been erroneous, it cannot be attacked collaterally by petition for writ of *habeas corpus* presented to this court."

■ It will be noticed that respondent, in her several petitions for the writ, alleged that the judgment is void because the court acted in *excess* of its jurisdiction, and the same contention is made in respondent's brief. We are of the opinion the acts complained of by respondent constituted at most nothing more than irregularities, and were not such as to deprive the Clark county court of jurisdiction and render the judgment and commitment void.

We are of the opinion that the record before the court in *In re Ellern,* 23 Wn. (2d) 219, 224, 160 P. (2d) 639, presented a stronger case than is presented in the instant case, yet in the cited case we stated:

"There is some seeming conflict of authority as to the effect upon a judgment rendered after a trial by the court in *disregard* of a demand properly made for a jury trial [in an insanity hearing]. The difference in viewpoint is whether the judgment is void for want of jurisdiction to render it, or whether the court acted in *excess* of its jurisdiction. An examination of the subject leads us to the conclusion that, when a complaint is filed charging that a person is insane and he is taken into custody, the court acquires jurisdiction of his person and the subject matter involved; but if the court conducts an insanity hearing without a jury when a

proper demand has been made therefor, and adjudication of insanity *is not void* for want of jurisdiction, but the court has acted in excess of its jurisdiction and its judgment is irregularly obtained." (Italics ours.)

We further stated in the cited case:

"But we think that when the court proceeded to conduct the hearing without a jury it acted in *excess* of its jurisdiction rather than acting without jurisdiction, and that the judgment was not void, but was subject to direct attack pursuant to the statute [Rem. Rev. Stat., § 464]." (Italics ours.)

We also call attention to the case of *In re Casey*, 27 Wash. 686, 690, 68 Pac. 185, wherein we quoted with approval the following statement from 15 Am. & Eng. Enc. Law (2d ed.) 170:

" 'But it is only when the court pronounces a judgment which is not authorized by law *under any circumstances* in the particular case made by the pleadings, whether the trial has proceeded regularly or otherwise, that such judgment can be said to be void, so as to justify the discharge of the defendant held in custody by it.' " (Italics ours.)

We are of the opinion that the record in the Clark county case shows that the court had jurisdiction of the person of respondent and the subject matter of the action; that, it not appearing in the record to the contrary, it will be conclusively presumed that the court did what it was required to do, namely, advised respondent of her right to trial by jury and the appointment or selection of counsel; that the superior court for Clark county, under the circumstances, had the power to enter the judgment which it did and commit respondent; that, the judgment and commitment not being void, such judgment cannot be collaterally attacked by *habeas corpus* proceedings.

It follows that the trial court in this proceeding erred in sustaining respondent's exception to appellant's return, in overruling appellant's demurrer to the petition, and in ordering the release of respondent.

█ Apparently the trial court was of the opinion that this was a direct attack, as indicated by what is denominated

"Memorandum Decision," entered September 29, 1947. Whether or not the trial court, in reaching its conclusion that this was a direct attack, was influenced by the motion filed by respondent on September 22, 1947, wherein respondent excepted to the sufficiency of the return of Dr. Keller and moved for an order vacating the judgment of commitment, does not appear. However, in any event, it is our opinion that the superior court for Pierce county was without the power to entertain a direct attack upon the judgment of the superior court for Clark county.

The rule is stated in 31 Am. Jur. 266, § 716:

"The power to open, modify, or vacate a judgment is not only possessed by but is *restricted to the court in which the judgment was rendered.* It is regarded as an elementary principle of high importance in the administration of justice that the judgment of a court of competent jurisdiction may not be opened, modified, or vacated by any court of *concurrent jurisdiction.*" (Italics ours.)

In *Rowe v. Silbaugh,* 96 Wash. 138, 142, 164 Pac. 923, we stated:

"In *Case Threshing Machine Co. v. Sires,* 21 Wash. 321, 58 Pac. 209, it was held that a decree of a court of competent jurisdiction may not be set aside by a court of coordinate jurisdiction. In *Bayer v. Bayer,* 83 Wash. 430, 145 Pac. 433, we reaffirmed that doctrine, enunciating the rule that the power to vacate judgments is inherent in, and to be exercised by, the court which rendered the judgment, and to that court and no other the application to set aside the judgment must be made, quoting with approval 1 Black on Judgments (2d ed.), § 297."

In *John Hancock Mut. Life Ins. Co. v. Gooley,* 196 Wash. 357, 83 P. (2d) 221, 118 A. L. R. 1484, in referring to the case of *Rowe v. Silbaugh, supra,* we stated:

"In the case of *Rowe v. Silbaugh, supra,* the judgment under which the land in Pacific county was sold was entered by the superior court for King county. The plaintiff having elected to sue in Pacific county to quiet her title, it was properly held that such an action constituted a collateral attack upon the King county judgment, as a direct attack upon that judgment by way of an action in equity could be instituted only in King county. The King county judgment,

being fair on its face, was not subject to collateral attack, and the action which Rowe brought in Pacific county necessarily failed."

The trial court was clearly in error in concluding that this proceeding was a direct attack upon the judgment rendered by the superior court for Clark county. The superior court for Pierce county is without power to entertain a direct attack on a judgment rendered by the superior court for Clark county.

■ Respondent has been committed to the hospital for the insane as a person unsafe to be at large. In so far as this record shows, there has never been a determination by the superintendent of the Western State hospital that respondent has so far recovered her sanity as to make it safe for her to be at large, nor has there been a determination by a court that respondent has recovered her sanity. It must therefore be presumed that respondent is still insane and unsafe to be at large.

For the reasons herein assigned, we are of the opinion the trial court erred in making and entering the judgment of September 27, 1947; that respondent is still under the control of the superintendent of the Western State hospital by virtue of the judgment and commitment made and entered by the superior court for Clark county.

The cause is therefore remanded to the superior court for Pierce county, with instructions to vacate and annul the judgment last above mentioned, and to enter an order dismissing respondent's petition for a writ of *habeas corpus*, and authorizing the superintendent of the Western State Hospital for the Insane to again take into custody the person of respondent, by such means and with such assistance as he shall find necessary.

Nothing in this opinion is meant to in any way prejudice any future action which may be brought by respondent in the superior court for Clark county.

MALLERY, C. J., BEALS, STEINERT, and HILL, JJ., concur.